## City of Louisa et al. v. Shrout.

May 26, 1939.

CLYDE L. MILLER for appellant.

C. F. SEE, JR., for appellee.

OPINION OF THE COURT BY JUDGE STITES—Dismissing appeal.

The appellee, Morton M. Shrout, applied to the city council of the City of Louisa for a license to sell liquor at retail by the package. There is no County Administrator in Lawrence County and no City Administrator in Louisa, which is a city of the fifth class. Appellee's application was refused, and on February 2, 1939, he filed a petition in the Lawrence Circuit Court against the city, the mayor, the members of the city council, the city treasurer, and the city clerk, asking for a writ of

mandamus to require the defendants to grant him a city license. At the time of filing the petition he gave notice to the defendants that he would make a motion for the issuance of the writ on February 4th (two days later). The Lawrence Circuit Court was not in session and no action was taken on the motion although it was filed in the clerk's office. On February 16th, he again notified the defendants that on February 18th he would "renew" his motion of February 4th. The defendants (now appellants) moved to quash both notices and both motions. A hearing was held on February 18th. The court overruled the motion to quash and entered a judgment granting the writ of mandamus. Thereupon, the city prosecuted this appeal but without superceding the judgment of the trial court. It now appears that the city has issued the license pursuant to the mandamus and appellee has moved this Court to dismiss the appeal for the reason that it is moot.

It is clear from the provisions of Section 474 of the Civil Code of Practice—providing that the procedure for obtaining a writ similar to that here involved shall be in the manner provided in Title X, Chapter 5, of the Code (Civil Code of Practice., Sections 444-449)—that notice of the motion for a mandamus must be served at least ten days before the motion is made (Civil Code of Practice, Section 445) if objection is taken. Of course, temporary orders may be made during the pendency of the motion. Civil Code of Practice, Section 476. Clearly, however, the right to grant a final writ is circumscribed by the requirement of ten days notice and the defendants should have been given the time thus allowed when they insisted on it.

As mentioned above, appellants did not supersede the judgment (which they could have done; Wyatt, Judge, v. Ryan, 65 S. W. 129, 23 Ky. Law Rep. 1457) and the license has now been issued. Nothing is to be accomplished, therefore, by any action that we might take on this appeal whether it be by way of affirming or reversing the judgment of the trial court. It follows, therefore, that the motion of the appellee to dismiss the appeal must be sustained.

Appeal dismissed.