## Bartholomew v. Heil et al.

June 10, 1947.

Gilbert Burnett and Alex Humphrey for appellant.

J. D. Inman and A. Scott Hamilton for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Dismissing appeal.

Appellant, defendant below, is the City of Louisville Alcoholic Beverage Administrator; appellees held valid licenses to sell, and were at the time the controversy arose, engaged in selling alcoholic beverages. On March 21, 1947, they filed a petition seeking a declaration of rights, and affirmative relief by way of injunction to prevent the administrator from putting into immediate effect his order of revocation.

Admitted facts are that on or about February 12, 1947, licensees were notified to appear before appellant to show cause why their license should not be revoked. They responded and a hearing was set for March 7, when upon hearing the officer revoked their city license. Within the period fixed by law they filed appeal with the State Control Board, and it was set for hearing at Frankfort on April 18, 1947. Following revocation appellees were notified by the administrator that they should suspend operation of their liquor business as of midnight March 22. Plaintiffs stated that the officer was contending that under the law relating to the control of those engaged in the liquor business, he had the legal right to suspend operation upon revocation of a license, even though an appeal was pending before the State Board. Plaintiffs contended that they had the right to continue operation until unfavorable action by the State Board.

Their verified petition was filed on March 21, 1947, and the court temporarily restrained the administrator and set a hearing for injunction on March 28. The defendant filed general and special demurrers, the latter based on lack of jurisdiction of party and subject matter. The chancellor overruled the pleas, and there being no answer it was adjudged that the administrator had no legal right to suspend operation by licensees pending their appeal, and enjoined him pending action on the appeal. Defendant excepted and was granted appeal.

At the outset we are met with motion of appellant to dismiss the appeal because the controversial question is moot. This had for basis a verified pleading filed in this court which states that on April 18, the State Board on hearing dismissed the "proceedings instituted by the local administrator." There is neither objection to the filing nor a denial of the fact asserted.

Appellant indirectly admits that the matter involved is moot. In brief it is said: "By the time the decision resulting from this appeal is given, the question as to whether appellees may continue to dispense alcoholic drinks in all probability have been settled by the State Board, and the immediate injunction will have been dissolved by its own terms." Since there is no denial of the alleged fact that the State Board dismissed the proceedings, there is now no actual controversy between the parties.

However, appellant takes the position that the question or questions presented are of such public nature that we should consider the case on merits and determine (1) whether the statutes confer the authority on the administrator to suspend operations while an appeal is pending; (2) the power of a court of equity to enjoin pending appeal under circumstances shown here. The power of the chancellor depends upon a construction of several sections of the regulatory alcoholic beverage control laws, and the court is not inclined to consider or determine either question where there exists no actual controversy between the parties to the suit.

We have concluded that under the authorities cited by appellee, among them Benton, County Clerk, et al. v. Clay, 192 Ky. 497, 233 S. W. 1041; City of Louisa v. Shrout, 278 Ky. 631, 129 S. W. 2d 150, the case is moot. The motion to dismiss is sustained.

Appeal dismissed.