## Benton, County Clerk, et al. v. Clay.

(Decided October 14, 1921.)

### Appeal from Henderson Circuit Court.

1. Appeal and Error—Moot Questions.—This court will not assume jurisdiction to determine moot questions although an important public question may be incidentally involved.
2. Appeal and Error—Moot Questions.—A moot question is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgmnt upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.

HENSON & TAYLOR for appellants.

JOHN C. WORSHAM and G. O. LETCHER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing the appeal.

At the regular election on November 2, 1920, the voters of the city of Henderson, Kentucky, a city of the third class, by a large majority, adopted the commission form of government for such cities, as is provided by section 3480b, Kentucky Statutes, Carroll's 1915 edition. The

votes of the election adopting that form of government were duly canvassed and certified as required by law and nothing remained to be done to put into effect the commission form of government except the election of the necessary officers, including two commissioners in the year 1921, as provided in subsection 5 of the section referred to.

On June 8, 1921, this action in equity was filed by appellee, C. L. Clay, against appellant and defendant, Otis A. Benton, the clerk of the county court of Henderson county, and Geo. M. Royster, in which plaintiff sought an injunction against the clerk to prevent him from printing the name of his co-defendant Royster on the ballot for the primary election on August 6, 1921, as a candidate for the Democratic nomination for councilman in one of the wards of the city and to enjoin Royster from taking any steps seeking such nomination upon the ground that the commission form of government had been adopted, which dispensed with the office of councilmen and substituted therefor commissioners, and that plaintiff, as a taxpayer, was interested in preventing the expense of such illegal primary election. Answer was filed in which the validity of the election on November 2, 1920, adopting the commission form of government, was attacked on the sole ground that the sheriff, who held it under the order of the county court calling it, had not complied with the law requiring him to publish the order in a newspaper, as is provided in subsection 3 of the section *supra*. But, in all other respects it was admitted by the answer that the election was legal.

Pursuant to notice the judge of the Henderson circuit court, on June 18, 1921, granted a temporary injunction in accordance with the prayer of the petition. The defendants, in due time, made motion before Judge Clay, a member of this court, to dissolve that injunction, and he, before the August primary, 1921, overruled that motion, three other members of the court concurring. No further action was taken in the case until the regular September, 1921, term of the Henderson circuit court, when on the 16th day of that month the cause was submitted for final judgment, and the court adjudged that the election adopting the commission form of government was legal and regular in all respects, but no reference whatever was made in the judgment to any affirmative relief by injunction or otherwise, either for or against any of the parties litigant. From that judgment this

appeal by defendants is prosecuted. No prayer for relief is contained in any pleading in the case except the one for an injunction which affected only the right of defendant Royster to seek the nomination for councilman of the city in the primary election on August 6, 1921, and when the judgment appealed from was rendered that time had passed and the question involved became essentially a moot one. The validity of the 1920 election was only incidental to the whole relief sought by the action.

It is unfortunate that the condition of the record is such as prevents us from adjudicating the single question raised against the validity of that election; but it is a firmly settled rule in this and all other courts that it will not assume jurisdiction to determine abstract or moot questions and thereby consume and appropriate its time in academic discussion, since courts are created for the purpose of trying cases rather than questions. Waller v. Henderson Telephone & Telegraph Co., 31 Ky. L. R. 39; Searcy v. Fayette Home Telephone Co., 143 Ky. 811; Winslow v. Gayle, Mayor, 172 Ky. 126; Thompson v. Thompson, 188 Ky. 811; 2 Cyc. 533, and 3 Corpus Juris, 357-358. These and all other authorities hold that "it is not within the province of appellate courts to decide abstract, hypothetical or moot questions, disconnected from the granting of actual relief," (Corpus Juris, *supra*), and the fact that the question involved is one of public importance does not change the rule. Cases involving the exact question here are: Xavier Realty Co. v. Louisiana R. etc. Co., 115 La. 343; Central Bitulithic Paving Co. v. Highland Park, 164 Mich. 223, and Winslow v. Gayle, Mayor, *supra*. In the latter case suit was filed by some citizens of Carrollton, Kentucky, to enjoin the mayor and the board of councilmen from issuing a license to the proposed licensee, who was also a defendant, granting to him the privilege of holding a street fair on the streets of the city on December 1, 1915, upon the ground that there was no authority to issue such license. The case did not reach this court until after the date for the exercise of the privilege and we held that only a moot question was presented, and said in that opinion that "Nothing is involved now in this action but an abstract proposition of law. It therefore follows that this action is a moot case." Cases are cited in that opinion, both foreign and domestic, holding that, "A 'moot case' is one which seeks to get a judgment on a pretended controversy, when in reality there

is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy.''

There is now no existing controversy between any of the parties to this action, although it is quite probable that as members of the public in the city of Henderson they are indirectly interested in having the question of the validity of the 1920 election settled, but all citizens of the state or of any municipality therein might be said to have the same indirect interest in the settlement of all public questions affecting the territory involved.

It results, therefore, that this appeal must be, and it is, dismissed, but of course without prejudice to another appropriate action to determine the validity of the election involved.