# IMPORTANT NOTICE
# NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: AUGUST 29, 2019
NOT TO BE PUBLISHED

**Supreme Court of Kentucky**

2019-SC-000079-MR

FINAL

DATE 9/23/19 JM

ALDEAN HENDERSON, JR                  APPELLANT

ON APPEAL FROM COURT OF APPEALS
CASE NO. 2018-CA-000482-OA
V.          JEFFERSON CIRCUIT COURT NO. 80-CR-000412

HON. CHARLES L. CUNNINGHAM, JR.,            APPELLEE
JUDGE, JEFFERSON CIRCUIT COURT

## MEMORANDUM OPINION OF THE COURT

## <u>AFFIRMING</u>

Aldean Henderson, Jr., appeals from an Order of the Court of Appeals denying as moot his Petition for Writ of Mandamus wherein Henderson requested the Jefferson Circuit Court be directed to rule on his motion for a free copy of the record in his criminal case and to further require the court to grant his motion for free access to the record.

Because the circuit court has entered an order denying his motion for a free copy of the record, that portion of his writ petition is clearly moot. Moreover, while the Court of Appeals did not address the issue, Henderson also is not entitled to a writ directing the circuit court to grant his motion for a free

copy of the trial record because, upon denial of that motion, he had an adequate remedy by appeal. Accordingly, we affirm.

Henderson was convicted of first-degree robbery, first-degree burglary, first-degree sexual abuse, and being a first-degree persistent felony offender. On the jury's recommendation, he was sentenced to concurrent terms of life, life, and 20 years, respectively. See *Henderson v. Commonwealth*, 636 S.W.2d 648, 649 (Ky. 1982). *See also Henderson v. Commonwealth*, No. 2002-CA-002099-MR, 2004 WL 178559, at *1 (Ky. App. 2004) ("This is Henderson's fourth CR 60.02 motion. It follows his direct appeal, a RCr 11.42 motion and three prior CR 60.02 motions."); *Henderson v. Kentucky State Parole Bd.*, No. 2007-CA-001024-MR, 2008 WL 4182041 (Ky. App. 2008) (the Parole Board's order that inmate serve out his life sentences and that inmate's petition for a new parole hearing be denied did not violate inmate's due process rights); *Henderson v. Commonwealth*, No. 2010-CA-001491-MR, 2011 WL 2731857 (Ky. App. 2011) (CR 60.02 proceeding holding that amendment to indictment charging defendant as being PFO to add six qualifying predicate offenses did not violate rule governing amendments).

On January 19, 2018, Henderson filed a "Motion for Free Copy of Records on Appeal" in the division of the Jefferson Circuit Court in which Appellee Judge Charles Cunningham, Jr., presides. In a connected motion, "Motion to Advance Motion on Docket," Henderson stated that he "has an appeal pending in the Court of Appeals from this Court's denying his CR 60.02 motion, under File No. 2014-CA-000149, in which his appellant's brief is due

to be filed by January 19, 2018 [sic]." This associated motion stated he had received an order from the Court of Appeals dated January 19, 2018, providing that his brief was due within 30 days of that date and that he "is unable to properly prepare his Brief and cause it to be filed within that time without having access or possession of the designated Records on Appeal."

Henderson executed a Petition for Writ of Mandamus in the Court of Appeals seeking to compel Judge Cunningham "to render an immediate ruling upon his pending Motion for Free Copy of Records on Appeal, under Indictment No. 80-CR-0412, and compelling him to issue an order granting his Motion." The petition is dated on the signature page as having been signed on March 26, 2018, and is stamped as having been filed by the Clerk of the Court of Appeals on April 24, 2018.

In the meantime, on March 26, 2018, the circuit court had entered an order denying Henderson's motions for a free copy of the trial record and his motion to advance, stating in relevant part as follows:

> First, [since] this matter is before the Court of Appeals, it is unlikely that this trial court has any authority to do much of anything in a 28 year old case. Second, assuming this Court can and should consider the motion, it is highly unlikely that Henderson needs the materials he seeks – certainly no showing has been made that are critical to this appeal. Third, assuming the materials are critical to his efforts, there is no reason why Henderson cannot pay something, even if a reduced fee, for the materials he seeks. We are not talking about an enormous cost.

On June 28, 2018, based upon the circuit court's March 26 order, the Court of Appeals entered an order dismissing the writ petition as moot. However, in addition to simply requesting that the circuit court be directed to

3

rule on his motion for a free copy of records, Henderson's writ petition also requested that the circuit court be directed to grant his motion for a free copy of the records. The Court of Appeals did not rule on this aspect of his writ petition.

It is well established that "[a] 'moot case' is one which seeks to get a judgment ... upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy." *Morgan v. Getter*, 441 S.W.3d 94, 98–99 (Ky. 2014) (quoting *Benton v. Clay*, 192 Ky. 497, 233 S.W. 1041, 1042 (1921) (citation and internal quotation marks omitted; emphasis in original)). Here, the circuit court has already ruled on, and denied, Henderson's request for a free copy of the 1980 criminal case trial record, as well as his motion to advance that motion on the docket. Therefore, the Court of Appeals' granting of Henderson's writ to have the circuit court rule on those motions would have had no legal effect because the circuit court, through its March 26, 2018 order, has already ruled on the motions. Thus, that portion of Henderson's writ petition is moot.

As noted, however, Henderson's writ petition also requested that the Court of Appeals direct the Jefferson Circuit Court to grant his motion for a free copy of the trial record. The Court of Appeals did not specifically address that issue.

> A writ of prohibition may be granted upon a showing that (1) the lower court is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court; or (2) that the lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great

injustice and irreparable injury will result if the petition is not granted.

*Hoskins v. Maricle,* 150 S.W.3d 1, 10 (Ky. 2004). Here, Henderson is not entitled to relief under prong one of *Hoskins* because the circuit court is not acting outside of its jurisdiction, and he is not entitled to relief under prong two of *Hoskins* because he has (or had) an adequate remedy of the circuit court's denial of his request for a free trial record by appealing that ruling.

For the foregoing reasons, the Order of the Court of Appeals denying Henderson's Petition for Writ of Mandamus is affirmed.

Minton, C.J.; Buckingham, Hughes, Keller, VanMeter, and Wright; JJ., sitting. All concur. Lambert, J., not sitting.

APPELLANT:
Aldean Henderson, Jr. *Pro Se*
#69247, Luther Luckett Correctional Complex

APPELLEE:
Judge Charles Cunningham, Jr.
Jefferson County Judicial Center

5