# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

$\mathfrak{Supreme\ Court\ of\ Kentucky}$

FINAL

2020-SC-000078-MR

DATE 7-31-20

JOHN GOBLE                                        APPELLANT

ON APPEAL FROM COURT OF APPEALS
V.                   CASE NO. 2019-CA-001378-OA
SCOTT CIRCUIT COURT NO. 18-CR-00185

HON. JEREMY MATTOX, SCOTT CIRCUIT          APPELLEE
COURT JUDGE

AND

COMMONWEALTH OF KENTUCKY         REAL PARTY IN INTEREST

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

John Goble appeals from the Court of Appeals' denial of his petition for a writ of mandamus to force Judge Jeremy Mattox of the Scott County Circuit Court to dismiss the indictment against him in Scott County case number 18-CR-185. Finding the issue to be moot, we affirm the Court of Appeals, albeit on different grounds.

**I. BACKGROUND**

Goble was the Scott County Coroner when complaints were made against him regarding narcotics, firearms, and the misuse of county property. An investigation was initiated, and the Commonwealth's Attorney's Office for the 16th Circuit, which includes Bourbon, Scott, and Woodford Counties, recused

itself from the case. The Fayette County Attorney then took over the prosecution pursuant to a 2007 agreement between the two offices.[1]

The Fayette County Attorney presented evidence in Goble's case to the grand jury on May 17, 2018.[2] In June 2018, the grand jury returned an indictment charging Goble with multiple offenses in Scott County case number 18-CR-185. Next, on September 24, 2018, Goble filed a Motion to Dismiss on Procedural Grounds arguing, as he does to this Court, that a County Attorney does not have the authority to conduct grand jury proceedings or prosecute felonies outside of his or her judicial district. Just four days later, on September 28, 2018, the Office of the Attorney General sent a letter to the Fayette County Attorney appointing him to represent the Commonwealth as Special Prosecutor in this case.[3] The circuit court denied Goble's Motion to Dismiss from the bench on December 3, 2018 and entered a written order to that effect on July 1, 2019. In the court's written order, it interpreted Kentucky Revised Statute ("KRS") 15.725(3), KRS 69.013, and KRS 15.730 as permitting the Fayette County Attorney to serve as Special Prosecutor in this case and found certain opinions from the Office of the Attorney General to be persuasive in its analysis.

---

[1] A copy of the 2007 agreement is not included in the record before this Court.

[2] Many of the facts, including the dates, included in this Opinion are based on the briefs of the parties, as the trial court record was not included in the record before this Court.

[3] It is unclear from the record before this Court whether the Office of the Attorney General had previously ratified the 2007 agreement in any way or whether that office took any official action to appoint the Fayette County Attorney as Special Prosecutor in this case prior to the September 28, 2018 letter.

2

On September 5, 2019, the grand jury issued a superseding indictment against Goble in Scott County case number 19-CR-129,[4] bringing the same charges as those in case number 18-CR-185 but adding an additional count. Subsequently, case number 18-CR-185 was dismissed. The date case number 18-CR-185 was dismissed is not clear from the record; however, the Commonwealth's brief states it was dismissed on September 16, 2019,[5] the same date Goble filed his Petition for a Writ of Mandamus in the Court of Appeals.

On September 16, 2019, Goble filed a Petition for a Writ of Mandamus in the Court of Appeals. The Court of Appeals denied Goble's writ petition, first finding that the circuit court was acting within its jurisdiction and then finding that the circuit court did not err in denying Goble's Motion to Dismiss. Goble then appealed to this Court as a matter of right.

## II. ANALYSIS

The issuance of a writ is an extraordinary remedy, and we have always been cautious and conservative in granting such relief. *Grange Mut. Ins. v. Trude*, 151 S.W.3d 803, 808 (Ky. 2004), *as modified* (Dec. 1, 2004). The Commonwealth not only argues that Goble has not met the standard for

---

[4] Goble's Notice of Appeal to the Kentucky Supreme Court, filed February 17, 2020, indicates that a second superseding indictment was returned against Goble in Scott County case number 19-CR-146. A search of CourtNet, the Court of Justice's online court records database, reveals that case number 19-CR-129 was dismissed after the superseding indictment in 19-CR-146 was returned by the grand jury.

[5] The CourtNet record for Scott County case number 18-CR-185 indicates that the charges were dismissed on September 16, 2019 but that a written order to that effect was not entered until January 24, 2020. The exact date of the dismissal is not determinative of this case, but the *fact* of the dismissal is.

issuance of a writ, but also argues that Goble's petition for a writ of mandamus suffers from multiple fatal technical defects. We agree with the Commonwealth in its argument that Goble's petition for a writ of mandamus is moot.

This Court undertook an extensive review of our mootness doctrine and all of its exceptions in *Morgan v. Getter*, 441 S.W.3d 94 (Ky. 2014). In that case, quoting *Benton v. Clay*, 233 S.W. 1041 (Ky. 1921), we described a "moot case" as "one which seeks to get a judgment...upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy." *Morgan*, 441 S.W.3d at 98-99 (quoting *Benton*, 233 S.W. at 1042) (internal quotation marks omitted). Here, even were we to rule in Goble's favor, it would have no practical legal effect as the indictment of which Goble is seeking dismissal has already been dismissed.

Kentucky Rule of Civil Procedure ("CR") 76.26(1)(b) requires that in any original action in an appellate court, which would include writs of mandamus, a petition must be filed that includes "[t]he style and file number of the underlying action." CR 76.26(1)(d) mandates that the petition state the relief sought. In this case, Goble's Petition for a Writ of Mandamus included on its cover sheet a statement that it was arising "from Scott Circuit Court Action No. 18-CR-185." In its opening page, it asserted that "[t]he style of the underlying action is <u>Commonwealth v. Goble</u>, Scott Circuit Court, Case Number 18-CR-185." Finally, in the "Relief Sought" section of his writ petition, Goble asked the Court of Appeals "that a Writ be issued to direct Scott Circuit Court to dismiss the indictment entered in the above-styled case."

4

We note that in the "Memorandum of Authorities" section of his writ petition, Goble acknowledged that a superseding indictment had been returned against him on September 5, 2019 and asks that both the original indictment and that superseding indictment be dismissed. However, Goble does not include the case number for the superseding indictment anywhere in his writ petition. It was not until his Notice of Appeal to the Kentucky Supreme Court, after the Court of Appeals denied his writ petition, that Goble included the case numbers for the superseding indictments. As such, Goble's Petition for a Writ of Mandamus is a request that the Court of Appeals order the Scott Circuit Court to dismiss the indictment in Scott County case number 18-CR-185 only. Because that indictment has already been dismissed, any writ would have no practical legal effect, and therefore the action is moot.

Though exceptions to the mootness doctrine exist, Goble does not argue that any apply in this case, and therefore we will not analyze them in detail. However, having reviewed these exceptions, we do not believe that any would apply to these facts.

This Opinion should not be construed to preclude Goble from bringing a petition for a writ of mandamus from the case in which he currently faces an indictment. Should he choose to do so, we urge both parties to provide the Court of Appeals, and this Court if the Court of Appeals' decision is appealed, with the most complete record possible so that the deciding court will have sufficient information upon which to decide the issue on the merits.

## III. CONCLUSION

For the foregoing reasons, we affirm the Court of Appeals' denial of Goble's Petition for a Writ of Mandamus.

All sitting. All concur.


COUNSEL FOR APPELLANT:

Fred E. Peters
Rhey Denniston Mills
Fred Peters Law Office


COUNSEL FOR APPELLEE, HON. JEREMY MATTOX, SCOTT CIRCUIT COURT JUDGE:

Jeremy Michael Mattox

COUNSEL FOR REAL PARTY IN INTEREST, COMMONWEALTH OF KENTUCKY:

Daniel Jay Cameron
Attorney General of Kentucky
Office of the Attorney General

Larry S. Roberts
Fayette County Attorney
Fayette County Attorney's Office