RENDERED: MARCH 24, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0751-MR

BERTHA WAGONER										APPELLANT

APPEAL FROM LINCOLN CIRCUIT COURT
v.					HONORABLE MARCUS L. VANOVER, JUDGE
ACTION NO. 20-CI-00100

JASON ERIC STULL; ASHLEE
COTTRELL; AND LORI HENSLEY							APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; COMBS AND JONES, JUDGES.

THOMPSON, CHIEF JUDGE: Bertha Wagoner ("Appellant") appeals from an order of the Lincoln Circuit Court denying her petitions for grandparent visitation. She argues that the circuit court erred in finding that her request for visitation with a grandchild was moot; that the court applied the wrong standard to establish grandparent visitation; and, that the court should have found that visitation with another grandchild was in that child's best interest. She seeks an opinion reversing

the order on appeal and remanding the matter for further proceedings. After

careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Jason Eric Stull (hereinafter referred to as Father) is the biological

father of minor children C.E.S. (hereinafter referred to as Child 1) and D.A.S.

(hereinafter referred to as Child 2).[1] Ashlee Cottrell is the mother of Child 1, and

has had little or no contact with the child after Father was awarded custody of her

in a dependency, abuse, and neglect proceeding in August of 2013. Child 1 lives

with Father and his wife in Jefferson County, Kentucky. Father shares joint

custody of Child 2 with that child's mother, Lori Hensley. Child 2 is estranged

from Father and lives with Ms. Hensley and Appellant.

In concert with other proceedings,[2] Appellant filed separate petitions

in Lincoln Circuit Court seeking grandparent visitation with both Child 1 and

Child 2.[3] The matter proceeded in the circuit court, and a hearing on the petitions

---

[1] Due to the nature of this proceeding, we will not use the names of the children.

[2] Appellant was a caregiver of Child 1 for substantial periods of time during the child's life, and sought to be recognized as *de facto* custodian of both children. As of the time the order on appeal was entered, Appellant did not have the status of *de facto* custodian of either child.

[3] Civil action No. 20-CI-00100 sought visitation with Child 2. Action No. 20-CI-00101 sought visitation with Child 1. The actions were consolidated via an agreed order entered on or about August 6, 2020, and thereafter practiced together as action No. 20-CI-00100.

was conducted. On May 24, 2022, the court entered an order denying both petitions.

In adjudicating the petitions, the circuit court found that Appellant had a significant relationship with Child 1 and provided care for Child 1 for substantial periods of time. Soon after Father was granted sole custody of Child 1, Child 1 began staying with Appellant and her husband for extended periods of time. Appellant argued in a separate *de facto* custody proceeding[4] that Father essentially abandoned Child 1. Father argued that he is a long-haul truck driver and stated that Appellant took care of Child 1 while he was travelling, and Appellant was merely providing temporary care during his travels. The circuit court determined that at the time of the hearing, Child 1 resided with Father and his wife in Jefferson County, Kentucky. It found that Child 2 was living in Lincoln County, Kentucky, with her mother and Appellant.

The circuit court determined that Appellant and Father each believed they were acting in the children's best interests. It noted that Father believed Appellant was overreaching and trying to undermine his parental authority. The court found that Appellant believed Father was acting out of spite. It found that

---

[4] On June 28, 2021, the Lincoln Circuit Court rendered an opinion and order denying Appellant's petition to be recognized as a *de facto* custodian of Child 1. Appellant withdrew her petition for *de facto* custodian status as to Child 2 upon concluding that she could not establish the required elements for that status. The May 24, 2022 order now on appeal expressly incorporated by reference the findings set out in the June 28, 2021 order.

Father and Appellant differed fundamentally on parenting decisions, including what Child 1 should eat.

The court went on to cite Kentucky Revised Statutes ("KRS") 405.021 as controlling on the issue of grandparent visitation. Pointing to *Walker v. Blair*, 382 S.W.3d 862 (Ky. 2012), and *Pinto v. Robison*, 607 S.W.3d 669 (Ky. 2020), the court recognized the presumption that a fit parent makes decisions in a child's best interest. It found that a grandparent seeking visitation must prove by clear and convincing evidence that he or she is entitled to visitation over the parent's objection.

The court then found that Appellant's petition for visitation with Child 2 was moot because Child 2 and her mother were already living with Appellant. It denied Appellant's request for visitation with Child 1, upon concluding that Appellant did not meet her burden of proving that Father was not acting in Child 1's best interest. This appeal followed.

## STANDARDS OF REVIEW

We will not disturb the circuit court's findings of fact unless they are clearly erroneous. Kentucky Rules of Civil Procedure ("CR") 52.01; *Reichle v. Reichle*, 719 S.W.2d 442, 444 (Ky. 1986). We review questions of law *de novo*. *Nash v. Campbell County Fiscal Court*, 345 S.W.3d 811, 816 (Ky. 2011).

## ARGUMENTS AND ANALYSIS

Appellant argues that the circuit court erred in its conclusion that her petition for visitation with Child 2 is moot. She also asserts that the court committed reversible error in failing to grant her petitions for visitation with both children, as the facts clearly demonstrate that visitation is in the children's best interests. Appellant directs our attention to the factors for considering a child's best interests set out in *Walker*, *supra*, and argues that each of these factors supports a proper finding that the children's best interests are served with grandparent visitation. In addition, Appellant argues that the circuit court should have considered the matter under a "preponderance of the evidence" rather than "clear and convincing" evidence standard. She seeks an opinion reversing the order on appeal, and remanding the matter with instructions to enter an order of visitation as to both children.

Grandparent visitation is addressed by KRS 405.021(1)(a), which states that, "[t]he Circuit Court may grant reasonable visitation rights to either the paternal or maternal grandparents of a child and issue any necessary orders to enforce the decree if it determines that it is in the best interest of the child to do so."[5] The circuit court may apply KRS 405.021(1)(a) to establish grandparent

---

[5] In *Pinto*, *supra*, the Kentucky Supreme Court held that portions of KRS 405.021 were unconstitutional. It expressly held, however, that KRS 405.021(1)(a) remained in effect. "[W]e are leaving intact KRS 405.021(1)(a) . . . ." *Pinto*, 607 S.W.3d at 677.

visitation "so long as the trial court complies with *Walker* in applying those subsections of the statute." *Pinto*, 607 S.W.3d at 677. *Walker*, *supra*, states that

> When considering a petition for grandparent visitation, the court must presume that a fit parent is making decisions that are in the child's best interest. "[T]he Due Process Clause does not permit a [s]tate to infringe on the fundamental right of parents to make child rearing decisions simply because a state judge believes a 'better' decision could be made." So long as a parent is fit, "there will normally be no reason for the [s]tate to inject itself into the private realm of the family to further question the ability of that parent to make the best decisions concerning the rearing of that parent's children." So a fit parent's wishes are not just a factor to consider in determining what is in the child's best interest. The constitutional presumption that a fit parent acts in the child's best interest is the starting point for a trial court's analysis under KRS 405.021(1).
>
> The grandparent petitioning for visitation must rebut this presumption with clear and convincing evidence that visitation with the grandparent is in the child's best interest. In other words, the grandparent must show that the fit parent is clearly mistaken in the belief that grandparent visitation is not in the child's best interest. If the grandparent fails to present such evidence to the court, then parental opposition alone is sufficient to deny the grandparent visitation.
>
> A trial court can look at several factors to determine whether visitation is clearly in the child's best interest. The *Vibbert* [*v. Vibbert*, 144 S.W.3d 292 (Ky. App. 2004),] court laid out many of these factors, including:
>
>> 1) the nature and stability of the relationship between the child and the grandparent seeking visitation;

2) the amount of time the grandparent and child spent together;

3) the potential detriments and benefits to the child from granting visitation;

4) the effect granting visitation would have on the child's relationship with the parents;

5) the physical and emotional health of all the adults involved, parents and grandparents alike;

6) the stability of the child's living and schooling arrangements; and

7) the wishes and preferences of the child.

To this list, we add:

8) the motivation of the adults participating in the grandparent visitation proceedings.

*Walker*, 382 S.W.3d at 870-71 (footnotes and citations omitted). Distilled to its most essential elements, *Walker* 1) requires the circuit court to presume that a fit parent acts in the best interest of his or her child, and 2) places upon the grandparent seeking judicial intervention the heavy burden of providing clear and convincing evidence that visitation with the grandparent is in the child's best interest. *Id.*

In the matter *sub judice*, the circuit court determined from the record and the parties' testimony that Father is a fit parent who seeks to further his daughters' best interests. Appellant offered countervailing evidence as to Father's

fitness and motivation, arguing that in the past he had problems with alcohol and mental health issues. Appellant suggests that Father is motivated against Appellant by spite. These are factors which support Appellant's contention that grandparent visitation is in Child 1's best interest. The question for our consideration, however, is not whether the record would have supported a different result, but whether the record supports the conclusion reached. *C.M.C. v. A.L.W.*, 180 S.W.3d 485, 494 (Ky. App. 2005). The record supports the circuit court's finding that Father is a fit parent who is motivated by his daughters' best interests.

Under *Walker*, the question then becomes whether Appellant met the burden by clear and convincing evidence that grandparent visitation is in Child 1's best interest. In examining this issue, the circuit court considered the *Vibbert* factors set out in *Walker*, including the nature of the relationship between Appellant and the children; the amount of time they spent together; the potential detriments and benefits to the children from granting visitation; and, additional other factors for determining the children's best interests. The court found that Appellant had conflict with Father over decisions regarding Child 1 that Appellant believed she could make better. It found that this conflict would likely create with Child 1 negative impressions of Father's parental role. Based on its finding that Father was a fit parent, and that Father and Appellant "differ[ed] fundamentally on parenting decisions," the circuit court determined that Appellant did not

demonstrate by clear and convincing evidence that visitation was warranted. Because the record supports this conclusion, we find no error.

Appellant argues that the circuit court erred in characterizing as moot her claim of entitlement to an order of visitation with Child 2. It is uncontroverted that Child 2 and her mother, Ms. Hensley, reside with Appellant. When questioned as to why she was seeking an order of visitation for a child with whom she was already living, Appellant, through counsel, stated that such an order would still be beneficial if things changed in the future.

> A moot case is one which seeks to get a judgment on a pretended controversy, when in reality there is none, or a decision in advance about a right before it has been actually asserted and contested, or a judgment upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy.

*Benton v. Clay*, 192 Ky. 497, 499-500, 233 S.W. 1041, 1042 (1921) (internal quotation marks omitted). Appellant's petition for an order of visitation with Child 2, with whom she is already living with Ms. Hensley's consent, sought a decision in advance about a right before it has been actually asserted or contested. Such an order cannot have any practical legal effect upon an existing controversy. We find no error.

Lastly, we will address Appellant's contention that the circuit court improperly applied the "clear and convincing" standard of proof rather than a

"preponderance of the evidence" standard. *Walker*, 382 S.W.3d at 871, states that a "grandparent petitioning for visitation must rebut this presumption [of parental fitness] with clear and convincing evidence that visitation with the grandparent is in the child's best interest." "Clear and convincing proof is that of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent minded people." *F.V. v. Commonwealth, Cabinet for Health and Family Services*, 567 S.W.3d 597, 606 (Ky. App. 2018) (internal quotation marks and citation omitted). Appellant did not offer clear and convincing proof to overcome the presumption that Father is a fit parent acting in Child 1's best interest. The Lincoln Circuit Court applied the correct standard, and we find no error.

## CONCLUSION

Per *Walker*, the Due Process Clause does not permit the state to infringe on fundamental parental rights simply because a trial judge believes a better decision could be made, nor to question parental decisions so long as the parent is otherwise fit. A grandparent seeking an order of visitation must overcome the high hurdle of a presumption that a fit parent acts in the best interest of his or her child. The record and the law support the Lincoln Circuit Court's determination that Appellant's petition for visitation with Child 2 is moot, and that Appellant did not demonstrate by clear and convincing proof that visitation is in

-10-

Child 1's best interest.  For these reasons, we affirm the order of the Lincoln

Circuit Court denying Appellant's petitions for visitation.


ALL CONCUR.


BRIEF FOR APPELLANT:

Nolan Weddle
Junction City, Kentucky

BRIEF FOR APPELLEE JASON
STULL:

Penny L. Hines
Somerset, Kentucky