RENDERED:  NOVEMBER 22, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0166-MR

IJEOMA ODIGWE                                           APPELLANT


|  | APPEAL FROM DAVIESS CIRCUIT COURT |
|---|---|
| v. | HONORABLE MICA WOOD PENCE, SPECIAL JUDGE |
|  | ACTION NO. 20-CI-00415 |


LAUREN ANDRINI AND
COMMONWEALTH OF KENTUCKY,
CABINET FOR HEALTH AND
FAMILY SERVICES                                   APPELLEES


OPINION
AND ORDER DISMISSING

** ** ** ** **

BEFORE:  CETRULO, COMBS, AND EASTON, JUDGES.

CETRULO, JUDGE:  Ijeoma Odigwe ("Odigwe") appeals two orders entered by the Daviess Family Court.  The first order denied his motion pursuant to Kentucky Civil Rule of Procedure ("CR") 60.01 to strike and correct two parenting time orders, and the second denied his motion pursuant to CR 59.05 to alter, amend, or

vacate the order denying that CR 60.01 motion. Because we find that the issues presented are moot, we dismiss the appeal.

## BACKGROUND

In September 2017, Lauren Andrini ("Andrini") informed Odigwe that she was pregnant with his child (the "Child"). At the time, Odigwe was a resident of Arizona and Andrini was a Michigan resident, but both parties were students at Notre Dame Law School in South Bend, Indiana. In May 2018, Andrini gave birth to the Child in Michigan. That August, a Michigan court established paternity, parenting time, and child support arrangements, and gave Andrini sole physical custody of the Child. Additionally, the Michigan court permitted Andrini to return to Indiana with the Child to complete law school.

Upon graduation, Andrini moved back to Michigan. Odigwe was still a student at Notre Dame Law School at that time. In November 2019, Andrini and the Child moved to Daviess County, Kentucky. Thereafter, Andrini filed a motion and obtained an order in the Michigan court that granted her permission to change the Child's residence/domicile. Additionally, finding that "neither parent . . . nor the [Child] presently reside[d] in the State of Michigan" and pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act, that court waived its subject matter jurisdiction over future custody matters.

In April 2020, pursuant to Kentucky Revised Statute ("KRS") 403.850, Odigwe filed a motion in the Daviess Family Court to register the Michigan custody order in Kentucky, which Andrini did not contest. In May, Odigwe filed a motion in family court to modify the custody and parenting time arrangements. Approximately one week later, before the family court had made any determinations on his modification motion, Odigwe filed an emergency motion for parenting time during the 2020 Father's Day weekend. On June 10, 2020, the family court held a hearing ("the June hearing") regarding Odigwe's motions.

At the June hearing, the parties agreed to continue the hearing regarding Odigwe's modification motion until July. However, the parties addressed the emergency motion, and Andrini's counsel orally recited agreed[1] terms for Odigwe's Father's Day time as follows: Odigwe would have parenting time on June 20-21, 2020; the parenting time would take place at Andrini's home but without her presence; Andrini's mother would be present during the parenting time to assist Odigwe; Odigwe would not be allowed to bring another woman into Andrini's home; and neither would be prejudiced by the entry of the order. Finally, Odigwe's counsel stated that he would prepare the written agreed order,

---

[1] Before the June hearing, counsel for each party had negotiated terms for Odigwe's temporary parenting time. Both parties were present at the June hearing, and neither objected to the terms that were read into the record. After filing his briefs with this Court, Odigwe filed a motion to compel the Daviess Circuit Court Clerk to supplement the record with video recordings he claimed were missing. We note that the record included the June 10, 2020 hearing, which is at issue here, and we did review that hearing.

send it to Andrini's counsel for a signature, and then the parties would submit the order to the family court.

Ultimately, counsel for both parties tendered proposed orders, and the family court signed and entered both orders on June 23, 2020 (together, the "June 23 Orders"). However, on December 16, 2023, Odigwe filed a CR 60.01 motion to strike and correct both orders due to inconsistencies between the two. Odigwe's argument was that both of the written June 23 Orders were inconsistent with each other and with the orally recited terms at the June hearing. Chief among his complaints was the verbiage in the orders relating to Andrini's mother's role on June 20 and 21. The order submitted by Odigwe's attorney stated that Andrini's mother would be present for "supervision," while the order submitted by Andrini's attorney stated that Andrini's mother would be present for "guidance and assistance." He argued such disparity warranted correction by the court.

One week later, on December 21, the family court denied Odigwe's motion and stated that "the 'corrections' suggested by [Odigwe] have long since been rendered moot, and any new motion to strike and/or correct is no longer timely[.]" Shortly thereafter, Odigwe filed a CR 59.05 motion to alter, amend, or vacate the family court's order denying his CR 60.01 motion. Referring to the reasoning in its prior order, the family court denied his CR 59.05 motion. Odigwe now appeals those denials.

# ANALYSIS

First, we note that Odigwe cannot properly appeal the family court's order denying his CR 59.05 motion as it does not alter the underlying judgment. *See Ford v. Ford*, 578 S.W.3d 356, 366 (Ky. App. 2019). Only the denial of the CR 60.01 is on appeal. *See id*.

On appeal, Odigwe argues that the family court abused its discretion by denying his timely CR 60.01 motion. Conversely, Andrini argues that the motion was obviously untimely and moot. We agree that Odigwe's motion and the issues on appeal are moot.[2]

"As our courts have long recognized, '[a] "moot case" is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy.'" *Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014) (quoting *Benton v. Clay*, 233 S.W. 1041, 1042 (Ky. 1921)) (alteration in original).[3] "Appellate courts lack subject matter jurisdiction to decide cases that have become moot . . . [t]hus,

---

[2] As such, we do not address the parties' arguments regarding whether the errors Odigwe sought to correct via his CR 60.01 motion were clerical errors or mistakes that should have been remedied via a CR 60.02 motion. Likewise, we do not address the timeliness of his motion under CR 60.01 or CR 60.02.

[3] We note that there are exceptions to the general mootness rules, but Odigwe does not argue any of these exceptions. *See Morgan*, 441 S.W.3d at 99-103 (discussing the various mootness exceptions); *see also Beshear v. Goodwood Brewing Co., LLC*, 635 S.W.3d 788, 798 (Ky. 2021) (discussing the (1) collateral consequences, (2) voluntary cessation, (3) capable of repetition, yet evading review, and (4) public interest exceptions). Thus, we do not discuss the exceptions.

mootness is a threshold matter for a reviewing court to resolve." *Commonwealth, Kentucky Bd. of Nursing v. Sullivan Univ. Sys., Inc.*, 433 S.W.3d 341, 343 (Ky. 2014) (citations omitted).

Appellate courts must dismiss claims that have become moot. *Id*. at 344 (citation omitted). "[I]t is not within the province of appellate courts to decide abstract, hypothetical, or moot questions, disconnected from the granting of ***actual relief***[.]" *Goodwood Brewing Co., LLC*, 635 S.W.3d at 798 (citing *Benton*, 233 S.W. at 1041-42) (first alteration in original) (emphasis added).

Here, even if we reversed in Odigwe's favor, and even if the family court corrected the written record to perfectly mirror the recitations made at the June hearing, the corrections would have no practical legal effect on a now existing controversy. *See Morgan*, 441 S.W.3d at 98-99 (citing *Benton*, 233 S.W. at 1042). The June 23 Orders only concerned a two-day period – June 20 and 21, 2020 – that occurred nearly four and a half years ago. They do not and will not affect any existing or future controversy concerning Odigwe's or Andrini's parenting time. Thus, Odigwe's CR 60.01 motion and this appeal are moot. *See Morgan*, 441 S.W.3d at 98-99. Our Kentucky "courts will not consume their time in deciding moot cases, and have no jurisdiction to do so." *Louisville Transit Co. v. Dep't of Motor Transp.*, 286 S.W.2d 536, 538 (Ky. 1956).

For the foregoing reasons, the appeal is dismissed.

ALL CONCUR.

ENTERED: __11-22-2024__

_Susanne M. Cetrulo_

JUDGE, COURT OF APPEALS


BRIEFS FOR APPELLANT:

Ijeoma Odigwe
Kansas City, Missouri

BRIEF FOR APPELLEE, LAUREN
ANDRINI:

J. Andrew Johnson
Owensboro, Kentucky