RENDERED:  FEBRUARY 21, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0879-MR

YASUKO SINGLETON                                                    APPELLANT

APPEAL FROM PERRY CIRCUIT COURT
v.        HONORABLE ALISON C. WELLS, JUDGE
ACTION NO. 23-CI-00410

CABINET FOR HEALTH AND
FAMILY SERVICES                                                      APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE:  CALDWELL, EASTON, AND L. JONES, JUDGES.

EASTON, JUDGE:  The Appellant, Yasuko Singleton ("Yasuko"), appeals from

an Order of the Perry Circuit Court, which upheld a Medicaid transfer of resources

penalty issued by the Cabinet for Health and Family Services ("Cabinet").  After

reviewing the record, and for the reasons which follow, we dismiss the appeal as

moot.

## FACTUAL AND PROCEDURAL HISTORY

Yasuko is a recipient of Medicaid, having received benefits since March 1, 2021. In May 2022, she sold her house for $70,000. Yasuko's husband was a joint owner who predeceased her. Her son, Edwin Singleton ("Edwin"), inherited a quarter interest in that property. After Edwin received his portion of the proceeds from the sale of the house and with deduction of sales costs, Yasuko received $52,340.00, which was deposited into her bank account.

A month later, Yasuko used a trade in value for a 2020 Land Rover titled in her name. Yasuko no longer used a vehicle, like she no longer maintained a separate residence, because she was living in a long-term care facility paid for by Medicaid. Using the trade-in value as well as the proceeds from the sale of Yasuko's home, Edwin purchased a 2022 Porsche Cayenne. The total cost of this vehicle exceeded $100,000. The Porsche was titled "Singleton, Edwin or Singleton, Yasuko." The purchase was made in Alabama where Edwin lives, and the title was issued there. There is no evidence that Yasuko has received any benefit from her part ownership in this vehicle kept by her son in Alabama.

Through her authorized representative, Yasuko informed the Cabinet of the transfer of assets. On June 29, 2022, the Cabinet sent a letter to Yasuko, advising her that a disqualification penalty from June 1, 2022, through September 8, 2022, would be imposed for a prohibited transfer of resources. Yasuko

requested a hearing with the Division of Administrative Hearings to contest the penalty. This hearing occurred on September 26, 2022.

Prior to the hearing, the Cabinet filed a motion to dismiss the proceeding as moot. Due to the Families First Coronavirus Response Act ("FFCRA") being in effect during Yasuko's penalty period, the Cabinet was unable by law to discontinue Yasuko's benefits. The Cabinet was also unable to recoup any of the benefits conferred on Yasuko, even if the administrative hearing were to be resolved in the Cabinet's favor. This motion was denied by the hearing officer, as a request for a hearing may only be dismissed if withdrawn by the applicant or if the applicant fails to appear at the scheduled hearing without good cause. 42 CFR[1] 431.223. As neither of these had occurred, the hearing proceeded.

The Cabinet's Final Order was issued on November 3, 2023. The Cabinet's Secretary concluded that a prohibited transfer had occurred, and the assessed penalty was warranted. The Order explained:

> Pursuant to 907 KAR[2] 20:030, Section 1(14), a prohibited transfer occurs when a resource is disposed of for less than fair market value absent a showing of two exceptions. In the case at hand, the entirety of the value of the Land Rover was excluded. . . . The only amount of the transfer that was considered when imposing the transfer of resources penalty was half of the value of the cash used to purchase the Porsche Cayenne as that was

---

[1] Code of Federal Regulations.

[2] Kentucky Administrative Regulations.

not an excluded resource at the time of the vehicle purchase. . . . There are two resources. One was a Land Rover, which was excluded.

At the time of the purchase of the new vehicle, Appellant and her son became joint owners of an asset. This created a transfer. The son had no interest in the Land Rover, and then he gained an interest in a Porsche Cayenne. Simply put, this is a transfer. While the Secretary understands the distinction of using and/or on a car title, the distinction does not matter much here. The son had no asset and then he gained an asset. In fact, Appellant admits that by virtue of using "or" in the car title the son had any right to transfer the car without Appellant's signing. The son not only owned half the vehicle, but he essentially owned it all. The transfer penalty was applied to the balance owned on the Porsche Cayenne after the trade-in value of the Land Rover ($53,000.00) was deducted. The remaining balance ($50,860.93) was paid for from the proceeds Appellant received from the sale of her house. In the most equitable manner possible, the Agency attributed half the asset to Appellant and half to the son as a gift. As such, the transfer penalty period was calculated from $25,430.46.

Yasuko then filed a Petition for Judicial Review in the Perry Circuit Court in November 2023. The circuit court issued its Order on July 8, 2024, affirming the decision of the Cabinet. It is from this Order Yasuko appeals.

**STANDARD OF REVIEW**

"Generally, our review of the decision of an administrative agency is highly deferential, and we reverse only if the decision was arbitrary, unsupported by substantial evidence, or otherwise erroneous as a matter of law. Substantial

evidence means evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men. However, we review questions of law de novo, including the application and interpretation of statutes." *River City Fraternal Ord. of Police Lodge No. 614, Inc. v. Louisville/Jefferson Cnty. Metro Gov't*, 664 S.W.3d 486, 493 (Ky. 2022) (internal quotation marks and citations omitted).

When "there are no factual disputes and the issue is one purely of statutory or regulatory interpretation, a court's review is *de novo*." *Commonwealth v. Est. of Cooper*, 585 S.W.3d 253, 257 (Ky. App. 2019). In determining arbitrariness, "the administrative agency must have acted within its statutory authority, afforded the parties procedural due process, and supported its decision with substantial evidence." *Drakes Creek Holding Co., LLC v. Franklin-Simpson Cnty. Bd. of Zoning Adjustment*, 518 S.W.3d 174, 179 (Ky. App. 2017).

"This Court will give some deference to an agency interpretation of the regulations and the law underlying them that it is charged with implementing, so long as the agency interpretation is in the form of an adopted regulation or formal adjudication." *Commonwealth, Cabinet for Health & Fam. Servs. v. RiverValley Behav. Health*, 465 S.W.3d 460, 468 (Ky. App. 2014) (internal quotation marks omitted).

# ANALYSIS

Yasuko's appeal is based solely on an issue of law, as the facts are undisputed. She claims the Cabinet erred by failing to consider jointly held resources pursuant to 42 U.S.C.[3] 1396p(c)(3) as required by 907 KAR 20:030 Section 1(4). 42 U.S.C. 1396p(c)(3) states: "For purposes of this subsection, in the case of an asset held by an individual in common with another person or persons in a joint tenancy, tenancy in common, or similar arrangement, the asset (or the affected portion of such asset) shall be considered to be transferred by such individual when any action is taken, either by such individual or by any other person, that reduces or eliminates such individual's ownership or control of such asset."

We question Yasuko's argument about how the Cabinet failed to follow this mandate. The record reveals careful application of administrative guidance to the facts. As to the law, the wording of this provision does not limit it to real estate transactions. The provision also does not seem to govern the use of solely owned resources in the *creation* of jointly owned property. Rather, it appears to speak of a change in control over jointly held property.

---

[3] United States Code.

When Yasuko allowed cash that she solely owned to be paid toward this vehicle, she gave up a degree of control over the value represented by that cash. Both she and Edwin obtained equal ownership of the vehicle, but, under applicable vehicle title law, Edwin could sell it without Yasuko's consent and keep the proceeds. He could not have similarly controlled Yasuko's money or trade in value of a vehicle she solely owned,[4] both of which she used to pay toward the new vehicle. Also, keeping a vehicle in another state for exclusive use there certainly reduced the control Yasuko had over this asset, although technically owned jointly. Frankly, the Cabinet may have been able to justify a harsher penalty in these circumstances.

But before we ultimately rule on the merits of Yasuko's appeal, we must first address the Cabinet's contention that this case is moot and therefore non-reviewable. "Our courts have long recognized that '[a] "moot case" is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy.'" *Beshear v. Goodwood Brewing Co., LLC*, 635 S.W.3d 788, 797 (Ky. 2021) (citing *Benton v. Clay*, 233 S.W. 1041, 1042 (Ky. 1921)) (emphasis original). "The long-standing general rule is that 'where, pending an appeal, an event occurs which

---

[4] Medicaid eligibility rules allow a recipient to keep a vehicle as a matter of policy because the vehicle may be used to benefit the recipient such as by providing transportation for medical needs.

makes a determination of the question unnecessary or which would render the judgment that might be pronounced ineffectual, the appeal should be dismissed.'" *Id.* at 797-98 (citing *Louisville Transit Co. v. Dep't of Motor Transp.*, 286 S.W.2d 536, 538 (Ky. 1956)).

The Cabinet argues this case is moot because any penalty that was assessed cannot be imposed on Yasuko. The transfer penalty assessed against Yasuko was from June 1, 2022, through September 8, 2022. During this entire period, the Cabinet was prohibited from terminating or suspending any Medicaid benefits pursuant to the FFCRA. While the FFCRA was in place, an individual who was approved for Medicaid could not have their benefits discontinued unless they died, moved out of state, or requested their benefits be stopped. As a result, Yasuko's Medicaid coverage and benefits were never discontinued. Her penalty period ended on September 8, 2022, without any financial consequence to her. The Cabinet is unable to recoup any benefits received, as the public health emergency continued throughout the entire penalty period. Yasuko did not suffer any injury that could be redressed by the circuit court or by this Court on appeal.

We should distinguish standing from mootness as argued in this case:

> [F]or a party to sue in Kentucky, the initiating party must have the requisite constitutional standing to do so, defined by three requirements: (1) injury, (2) causation, and (3) redressability. In other words, [a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by

the requested relief. [A] litigant must demonstrate that it has suffered a concrete and particularized injury that is either actual or imminent[.] The injury must be . . . 'distinct and palpable,' and not 'abstract' or 'conjectural' or 'hypothetical.' The injury must be 'fairly' traceable to the challenged action, and relief from the injury must be 'likely' to follow from a favorable decision.

*Commonwealth Cabinet for Health & Fam. Servs., Dep't for Medicaid Servs. v. Sexton by & through Appalachian Reg'l Healthcare, Inc.*, 566 S.W.3d 185, 196 (Ky. 2018) (internal quotation marks and citations omitted). Yasuko had standing to challenge a penalty initially imposed on her. This would include arguing that federal law prohibited its enforcement. Indeed, enforcement of that penalty was prohibited by federal law, as both parties recognize. By the time of her appeal, Yasuko no longer faced any penalty, if she ever did, because of the application of a temporary federal law. Regardless of standing, as we will next explain, any controversy over that penalty is now moot when we consider the restrictions on appellate review.

Yasuko insists that the issue is not moot. She worries that, because of the Cabinet's policy as applied to her prior purchase of a new vehicle, she will not be able to purchase an automobile without losing her Medicaid benefits. Yasuko does not have a driver's license, and she argues that she therefore cannot purchase insurance for a vehicle, which is a requirement of purchase. As a result, she is only able to purchase a vehicle with her son, as he can obtain the insurance for a

vehicle. Another such transaction may lead to a loss of her Medicaid benefits, as FFCRA has now expired.

This is purely hypothetical, as there was no testimony or evidence that any of these events have occurred since the filing of this action or is likely to occur. Yasuko further makes a public policy argument against the Cabinet's policy. She argues that many nursing home residents do not have driver's licenses, and this policy will prevent them from having the ability to purchase vehicles with joint titles without losing their benefits.

It is within this Court's discretion to consider a moot case under the public interest exception when we determine that a case involves "matters of the utmost public importance." *Muhammad v. Kentucky Parole Bd.*, 468 S.W.3d 331, 338 (Ky. 2015). We may also overlook mootness when the controversy is capable of repetition yet evades review. *Morgan v. Getter*, 441 S.W.3d 94, 101-02 (Ky. 2014).

We decline to exercise such discretion in this case. We recognize that Yasuko's attorney may want to use this case to establish a precedent for how to use proceeds from home sales to buy vehicles which are essentially then given to children without Medicaid eligibility consequences. But that is not our permitted purpose as an appellate court addressing this specific case. If Yasuko engages in another vehicle purchase, she will have a right of administrative and appellate

review if a penalty is imposed as is illustrated by the proceedings in this case. How Medicaid eligibility generally may be maintained despite asset transfers may be an important public question for review, but we should not give a binding and yet advisory opinion on such an important question with only the otherwise moot circumstances presented by this case.

## CONCLUSION

Because an opinion herein will not affect the rights of or redress any actual injury to the Appellant, this case is moot. This appeal is DISMISSED.

ALL CONCUR.

ENTERED: __02-21-2025__          _____
                                JUDGE, COURT OF APPEALS

BRIEFS FOR APPELLANT:          BRIEF FOR APPELLEE:

Mark Maddox                    Olivia M. Peterson
Lexington, Kentucky            Frankfort, Kentucky