RENDERED:  SEPTEMBER 12, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1325-MR

ALLAN WIDDIFIELD                                                  APPELLANT

v.
APPEAL FROM LYON CIRCUIT COURT
HONORABLE JAMES R. REDD, III, JUDGE
ACTION NO. 24-CI-00019

BOBBY JO BUTTS, WARDEN; AND
ANDREW KENYON, ADJUSTMENT
OFFICER                                                            APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  Allan Widdifield ("Widdifield"), *pro se*, appeals from an

August 7, 2024, Order of Dismissal from the Lyon Circuit Court.  For the reasons

stated herein, we affirm.

Widdifield is an inmate at the Western Kentucky Correctional

Complex ("WKCC").  While serving out his sentence at WKCC, he was alleged to

have been in possession of security threat group ("STG") paraphernalia, specifically a list of names of "BOND"[1] members. Upon an adjustment hearing, the adjustment officer ("AO") found Widdifield guilty of the act alleged, and Widdifield was sanctioned to 30 days of disciplinary segregation, 15 of which were suspended for a period of 180 days. Widdifield did not suffer any loss of meritorious good time or other discipline.

After exhausting his administrative remedies, Widdifield appealed to the Lyon Circuit Court seeking declaratory and injunctive relief, alleging that the AO's failure to comply with the procedures enumerated in Kentucky Corrections Policies and Procedures ("CPP") 15.6 constituted a violation of state law. In response, Appellees filed a motion to dismiss for failure to state a claim pursuant to Kentucky Rules of Civil Procedure ("CR") 12.02(f). The circuit court granted Appellees' motion to dismiss, holding that Widdifield failed to allege infringement of a liberty interest for which due process is afforded, and, in the alternative, that the lack of compliance alleged did not rise to the level of a due process violation.

A circuit court's ruling on a motion to dismiss for failure to state a claim upon which relief may be granted is purely an issue of law; therefore, an appellate court shall review the circuit court's decision *de novo*. *Gosney v. Glenn*, 163 S.W.3d 894, 898 (Ky. App. 2005).

---

[1] Per Widdifield, BOND is an acronym for "Brothers of Nordic Descent."

This Court first emphasizes that Widdifield's punishment was instituted on December 14, 2023. Widdifield should have completed his 15 days of disciplinary segregation on December 28, 2023, and the suspension period should have ceased on June 11, 2024. As mentioned, there were no other sanctions included in his punishment, and thus his punishment was complete at the finish of his 180-day suspension period. As such, Widdifield's allegations are moot. *See Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014) ("As our courts have long recognized, '[a] "moot case" is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a *then* existing controversy.'") (citing to *Benton v. Clay*, 192 Ky. 497, 233 S.W. 1041, 1042 (1921)).

Even if Widdifield's claims were reviewed pursuant to the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review," his appeal would still fail because he did not allege infringement of a liberty interest for which he is entitled to due process. *Lexington Herald-Leader Co., Inc. v. Meigs*, 660 S.W.2d 658, 661 (Ky. 1983) (citing *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 102 S. Ct. 2613, 73 L. Ed. 2d 248 (1982)). As the circuit court correctly articulated in its dismissal order,

> [Widdifield] fails to allege any facts demonstrating a due process violation. Under *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), a confinement to disciplinary segregation must present an

> "atypical, significant deprivation" that is substantially and fundamentally different than typical conditions of incarceration before an interest implicating the due process rights is at stake. Not every "state action taken for punitive reason encroaches upon a liberty interest under the Due Process Clause. . . ." On point is *Marksberry v. Chandler*, 126 S.W.3d 747 (Ky. App. 2003) which specifically holds 15 days disciplinary segregation with no loss of good time credits did not establish atypical and significant hardship such that it implicates an inmate's due process interests. [Widdifield] fails to demonstrate that his segregation assignment constitutes a liberty interest to which constitutional due process protections apply.
>
> The United States Constitution does not make an inmate's freedom from segregation a protected liberty interest. *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976). A prisoner's placement in administrative segregation does not involve a liberty interest protected by the Due Process clause. *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S. Ct. 864, 74 L. Ed. 2d 675 (1983). Thus to the extent [Widdifield's] claims are based on the United States Constitution and the Due Process Clause therein, [Widdifield] has not set forth a cognizable claim.

Record at 89. This Court finds the circuit court's analysis of whether Widdifield's punishment constitutes a "liberty interest" protected by the Due Process Clause to be accurate. Though this Court reviews the issue *de novo*, the circuit court correctly read and applied the law in this case as we would.

Although the circuit court correctly held Widdifield has no due process interest, Widdifield continues to assert that he "is not alleging impingement of a liberty interest protected by the Fourteenth Amendment to the

-4-

U.S. Constitution[,]" rather that Appellees violated the CPP, which should have the force and effect of law. Appellant Brief, at 6. To bring such a state law claim, a plaintiff must have legal standing, requiring injury, causation, and redressability. *Beshear v. Ridgeway Properties, LLC*, 647 S.W.3d 170, 175 (Ky. 2022).

Whether considered a constitutional due process argument or otherwise, Widdifield has not brought forth a cognizable injury. His segregation in the prison did not implicate a liberty interest requiring due process of law and there are no other damages alleged in Widdifield's complaint that point to a cognizable injury. The plethora of cases explored when defining which prison punishments implicate liberty interests makes clear that the prison conditions of disciplinary segregation are not so different from an inmate's otherwise normal prison conditions so as to implicate due process. *McMillen v. Kentucky Dep't of Corr.*, 233 S.W.3d 203, 205 (Ky. App. 2007) (referencing *Mahoney v. Carter*, 938 S.W.2d 575 (Ky. 1997); *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995)). A prisoner's "rights may be diminished by the needs and exigencies of the institutional environment," and while that diminished expectation does not permit prisons to wholly disregard a prisoner's constitutional rights, it does permit that certain changes may be made to a prisoner's accommodations as the prison sees fit. *Wolff v. McDonnell*, 418 U.S. 539, 555, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). *Sub judice*, Widdifield's disciplinary segregation did not strip

him of any cognizable rights.  Rather, such punishment fell within the permissible discretion of the prison.  We find no due process violation or state cause of action entitling Widdifield to relief, and we affirm the August 7, 2024, Order of the Lyon Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Allan Widdifield, *pro se*
Fredonia, Kentucky

BRIEF FOR APPELLEE:

Peter W. Dooley
Frankfort, Kentucky