Don HUGHES et al., Appellants,

v.

Neil WELCH, General Billy G. Wellman, Secretary of Justice, Commonwealth of Kentucky, and William M. Favors, Appellees.

Court of Appeals of Kentucky.

Feb. 10, 1984.

William E. Johnson, Anita M. Britton, Stoll, Keenon & Park, Johnson & Judy, Frankfort, for appellants.

Rudy Yessin, Frankfort, J. Kevin Charters, Lexington, James Baker, Cathy Cravens Snell, Frankfort, for appellees.

Before DUNN, HOWARD and McDONALD, JJ.

McDONALD, Judge:

The issue on this appeal is whether the Secretary of Justice has the right to interfere in the discipline and removal of an officer of the Bureau of State Police.

The background of this appeal shows that William Favors, an officer with the Kentucky Bureau of State Police, was charged with three counts of violating Rule 20 of the Kentucky State Police Manual. Rule 20 states:

> (20) HONESTY—Officers shall at all times be honest and truthful in dealing with their fellow officers and members of the public and in any written or oral communications. Upon the order of the Commander, the Commander's designee, or their commanding officer, officers, must answer and answer truthfully all questions specifically directed and narrowly related to the scope of employment and operation of the Kentucky State Police which may be asked of them.

The trial board of the Bureau of State Police was convened pursuant to K.R.S. 16.-140(2)(3) to hear the charges against Favors. The trial board found Favors guilty and recommended his dismissal from the state police.

Favors, pursuant to K.R.S. 16.150, appealed the recommended dismissal to the Franklin Circuit Court. As required by the statute, he named as defendants the Commissioner of State Police (Marion Campbell) and the members of the trial board who heard his case. That appeal was ostensibly terminated by the entry of an agreed order dismissing the appeal and incorporating by reference an agreement, dated July 16, 1982, between the appellee in the case we have under consideration, Justice Cabinet Secretary Neil Welch, and Favors. This agreement proposed the following:

1. Agreed that the appeal would be dismissed;

2. Settled all pending and future litigation arising out of Favors' dismissal;

3. Imposed 30 days' forfeit of pay as a disciplinary penalty;

4. Reinstated Favors on a probationary status for 12 months and subject to summary dismissal for any future infraction;

5. Reinstated Favors at the rank of captain; and

6. Provided that any future dispute would be mediated with the Commissioner of the State Police.

The defendants, namely, the Commissioner of the State Police, the trial board of the State Police, through its individual members, and their legal adviser, Maj. Fentress, had no knowledge of the agreement nor did they agree to the entry of dismissal. Subsequent to the entry of that agreed order of dismissal, Favors was formally reinstated to the Bureau of State Police subject to the terms of the agreement.

The appellants herein, discontented with the interference of the Secretary of Justice and the manner in which he acted, and being convinced the Secretary lacked authority to void the decision of the trial board of the state police, filed a petition in the Franklin Circuit Court seeking a declaration of rights and injunctive relief.

The appellees herein, without answering the petition, filed a summary motion to dismiss the petition. The motion to dismiss

was granted on the grounds that Secretary Welch had a right to settle Favors' appeal for the following reasons: (1) His dismissal was a discretionary administrative act from which a declaratory judgment action does not lie; (2) The appellants had no standing to sue because their rights are fully protected by the provisions of K.R.S. Chapter 16; (3) Appellants' failure to intervene under CR 24 before the trial board of the Bureau of State Police bars relitigation of Favors' charges because they were settled; the matter is now res judicata, and appellants are collaterally estopped from maintaining this action.

The issues on appeal are answered in dialectical sequence.

Appellants assert that K.R.S. Chapter 16 vests in members of the bureau the right to trial board adjudications conducted according to statutorily defined procedures.

The appellants herein who were petitioners below are 232 members of the Kentucky Bureau of State Police, all of whom as such are governed by K.R.S. Chapter 16. The appellees are Neil Welch, Secretary of the Department of Justice of Kentucky, and his successor, who are governed by K.R.S. Chapter 15A.

The petition was filed in Franklin Circuit Court for declaration of rights pursuant to K.R.S. 418.040 and K.R.S. 418.050. Appellees contend that the statutes require a justiciable controversy and that none exists here. They further state that there is no showing of injury by the petitioners as required by the statutes.

There is no denial that the agreement dated July 16, 1982, was reached without the consent, knowledge or permission of some of the parties as defendants in the dismissal of the appeal. The appellees contend that the state police are subordinate to the Secretary of Justice. On the other hand, the state police maintain that the secretary has no authority in and of himself to enter into such an agreement contravening the statutory scheme and the spirit of K.R.S. Chapter 16. Two of the appellants herein, P.A. Yates and Chester S. Spurrier, were also members of the trial board and

were named defendants in Favors' appeal. Both allege they were never consulted nor did they agree to a settlement or dismissal of the Favors' appeal.

This brings us to the question concerning the authority and jurisdiction of the trial court to enter a judgment of dismissal. The Bureau of State Police Trial Board, in meting out the discipline required in this type of organization, is of necessity a creature of statute. K.R.S. 16.150 provides for the appeal process from the trial board and subsection 4 prescribes the standard of review of the circuit court of Franklin County. It states:

Its review shall be limited to determining whether or not (a) the board acted without or in excess of its powers; (b) the order appealed from was procured by fraud; (c) if questions of fact are in issue, whether or not any substantial evidence supports the order appealed from. After such a hearing, [summary type hearing], *the court shall enter a judgment sustaining or setting aside* the order of the trial board appealed from. [Emphasis ours.]

■ It appears to us that the agreed order of dismissal was entered without the trial court having jurisdiction to enter such judgment. If the appeal was to be settled, the proper procedure would have been for the Franklin Circuit Court to set aside the order of the trial board and remand the case to the trial board for further proceedings. Then, based upon a proper motion before it to implement the agreement of July 16, 1982, the trial board could either grant or deny such motion. The Franklin Circuit Court had no power under K.R.S. 16.150(4) to amend the trial board's original order of Favors' dismissal. This is logical after analyzing the unique nature of K.R.S. Chapter 16 and the control over disciplinary actions which the legislature vested in the trial board of the bureau. In essence, it prevents one branch of government exercising undue control and potential coercion over the state police.

■ It is our conclusion that the legislature, by enactment of K.R.S. 16.140, has

endowed the trial board of the Bureau of State Police with the exclusive jurisdiction of discipline and removal of officers of the bureau subject only to strict review on appeal by K.R.S. 16.150(4).

Even considering the Machiavellian manner by which the dismissal of Favors' appeal to the Franklin Circuit Court was accomplished, we are still faced on this appeal with the issues of standing to sue and injury.

The appellees say it is primer law that under the province of declaratory judgments the courts will not decide speculative rights or duties which may or may not arise in the future. It is necessary to have a present actual controversy presented by adversary parties. *See, Black v. Elkhorn Coal Corp.,* 223 Ky. 588, 26 S.W.2d 481 (1930).

 We recognize that the cases construing standing to sue and justiciable controversy appear to be elusive and difficult to grasp without close analysis. However, we do have solid guidance from various cases. *Dravo v. Liberty Nat. Bank and Trust Co.,* Ky., 267 S.W.2d 95 (1954), relates that declaratory judgment cannot be made to questions which may never arise or which are merely advisory, academic, hypothetical, incidental or remote, or which will not be decisive of a present controversy. Applying these principles to this case, we find that an actual controversy does exist because of the intrusion of the Secretary of Justice. To find otherwise would be to make the disciplinary procedures of K.R.S. Chapter 16 unenforceable. They would be like the proverbial sterile bull who was a bull in name only.

It is our conclusion that the facts of this case fall within the purview of *Combs v. Matthews,* Ky., 364 S.W.2d 647, 648 (1963), which states:

> This Court is not authorized to give advisory opinions on hypothetical factual situations [cites omitted] but it may declare the rights of litigants in advance of action when it concludes that a justiciable controversy is presented, the advance de-

termination of which would eliminate or minimize the risk of wrong action by any of the parties. KRS 418.040, 418.045. Justiciability turns on "evaluating both the appropriateness of the issues for decision * * * and the hardship of denying judicial relief."

 The action for declaratory judgment was proper in this instance and the trial court should have entertained the action. While the state police may be subordinate to the Secretary of Justice, as appellees forcibly argue, it is also true the Secretary of Justice is subordinate to the legislature and the provisions for disciplinary action provided in K.R.S. Chapter 16.

Injury (we equate as risk of wrong) is established by failing to adhere to the statutory framework of discipline resolution which was illegally circumvented in this case, and may well happen again unless prevented.

 We conclude that disciplinary actions, subject to the provisions of K.R.S. Chapter 16, are not to be interfered with or usurped by the Secretary of Justice acting under color of K.R.S. Chapter 15A; that the petitioners seeking declaration of rights had standing, and as members of the Bureau of State Police were injured by actions of the Secretary of Justice in dismissing the case against William Favors based upon an agreement unilaterally made between the Secretary of Justice and William Favors, disregarding other parties to his appeal; and that the trial court was without jurisdiction to enter its judgment dismissing the appeal based on an agreement to dismiss. Therefore, the order of the Franklin Circuit Court is reversed.

All concur.