**KENTUCKY HIGH SCHOOL ATHLETIC ASSOCIATION, Petitioner,**

v.

**Jake RUNYON and Dorlane Runyon, Individually and as Parents, Guardians and Next Friend of their minor son, Deven Runyon, and Paintsville Independent Schools, Respondents.**

No. 95–SC–456–I.

Supreme Court of Kentucky.

Feb. 22, 1996.

Rehearing Denied May 23, 1996.

Danny C. Reeves, Kenneth A. Jackson, Lexington, for Petitioner.

Mitchell D. Kinner, Prestonsburg, Michael J. Schmitt, Paintsville, for Respondents.

## MEMORANDUM OPINION OF THE COURT

Petitioner, Kentucky High School Athletic Association (KHSAA), appeals to this Court for relief under CR 65.09. Specifically, petitioner requests this Court to vacate a temporary injunction issued by the Johnson Circuit Court. Petitioner's motion for relief to the Court of Appeals pursuant to CR 65.07 was denied. KHSAA then filed a CR 76.33 action and a CR 65.09 appeal to this Court. The CR 76.33 motion was denied on May 26, 1995. We now dismiss the CR 65.09 appeal as moot.

On September 8, 1994, Deven was suspended from Johnson Central High School for disciplinary reasons. After that school's refusal to modify the suspension, Deven was withdrawn and enrolled at Paintsville High School.

Based on a transfer form, signed by both principals, to the effect that Deven made a bona fide change of residence to the City of Paintsville, the KHSAA Commissioner certified Deven eligible to participate in interscholastic athletics. Subsequently, on February 14, 1995, the Commissioner reversed his ruling and declared Deven ineligible for thirty-six (36) weeks. Upon further investigation, it was ruled that the change of residence was not bona fide. Deven filed an administrative appeal with the KHSAA's Board of Control. The Board held a hearing on March 23, 1995, and affirmed Deven's ineligibility. An administrative appeal to the State Board of Education was filed.

On March 29, 1995, this action was filed in Johnson Circuit Court. The Circuit Court issued an *ex parte* restraining order against the KHSAA which prohibited it from enforcing its ruling of ineligibility. After a hearing on April 10, 1995, a temporary injunction was

issued. As stated above, we now dismiss this appeal as moot.

At this point in time, the baseball season is well over and Deven's eligibility is no longer at issue. Once the baseball season ended there was no question concerning Deven's eligibility. With the beginning of the new season there may be an entire new set of facts to be considered by the KHSAA. Deven's parents may have sold their house, they may have enrolled Deven in yet another school or moved him back into Johnson County High School. As we have held, "[t]he classic occurrence which necessitates a court's abrogation of jurisdiction for mootness is a change in circumstance in the underlying controversy which vitiates the vitality of the action." *Commonwealth v. Hughes,* Ky., 873 S.W.2d 828, 830 (1994). The above mentioned factors indicate such a change.

Moreover, the present state of facts make it impossible for this court to grant the relief sought by the KHSAA. Were this Court to vacate the temporary injunction, the result would be Deven's ineligibility to participate in the 1994–95 baseball season, which ended in June of 1995. Given the very real possibility of a change in circumstances for this coming season, there is no live controversy "for this Court to grant actual or practical relief." *Id.*

For the foregoing reasons, the action before this Court is moot and therefore dismissed.

STEPHENS, C.J., and GRAVES, LAMBERT, KING, STUMBO and WINTERSHEIMER, JJ., sitting.

All concur.