**KENTUCKY HIGH SCHOOL ATHLETIC ASSOCIATION and Louis Stout, Commissioner of the Kentucky High School Athletic Association, Appellants,**

v.

**John DAVIS; Nancy Davis; Alexander Davis; Richard Paxton; Anne Paxton; Christopher Paxton; John L. Atkins, Judge, Division II, Christian Circuit Court; Virginia Hadley Atkins; James Austin Hadley; David A. Collins; Patricia C. Collins; Laura Elizabeth Collins; and Kentucky Board of Education, Appellees,**

and

**Kentucky High School Athletic Association and Louis Stout, Commissioner, Appellants,**

v.

**John Davis; Nancy Davis; Alexander Davis; Richard Paxton; Anne Paxton; Christopher Paxton; John L. Atkins, Judge, Division II, Christian Circuit Court; Virginia Hadley Atkins; James Austin Hadley; David A. Collins; Patricia C. Collins; Laura Elizabeth Collins; and Kentucky Board of Education, Appellees,**

and

**Kentucky High School Athletic Association and Louis Stout, Commissioner, Appellants,**

v.

**John Davis; Nancy Davis; Alexander Davis, Richard Paxton; Anne Paxton; Christopher Paxton; John L. Atkins, Judge, Division II, Christian Circuit Court; Virginia Hadley Atkins; James Austin Hadley; David A. Collins; Patricia C. Collins; Laura Elizabeth Collins; and Kentucky Board of Education, Appellees,**

and

John Davis, as Next Friend for Alexander Davis, A Minor; Nancy Davis, as Next Friend for Alexander Davis, A Minor; Richard Paxton, as Next Friend for Christopher Paxton, A Minor; Anne Paxton, as Next Friend for Christopher Paxton, A Minor; John L. Atkins, Judge, as Next Friend for James Austin Hadley, A Minor; Virginia Hadley Atkins, as Next Friend for James Austin Hadley, A Minor; David A. Collins, as Next Friend for Laura Elizabeth Collins, A Minor; and Patricia C. Collins, as Next Friend for Laura Elizabeth Collins, Appellants,

v.

Kentucky High School Athletic Association and Louis Stout, Commissioner of the Kentucky High School Athletic Association, Appellees.

Nos. 2000–CA–002113–MR, 2000–CA–002245–MR, 2000–CA–002459–MR and 2000–CA–002618–MR.

Court of Appeals of Kentucky.

May 17, 2002.

Theodore R. Martin, Margaret A. Miller, Danny C. Reeves, Roger G. Wright, Lexington, KY, for Kentucky High School Athletic Association and Louis Stout.

Daniel N. Thomas, Hopkinsville, KY, Stephanie Ritchie, Greenville, KY, for John Davis, et al.

Anne E. Keating, Frankfort, KY, for Board of Education.

Before GUDGEL, Chief Judge; GUIDUGLI and HUDDLESTON, Judges.

*OPINION AND ORDER DISMISSING APPEALS*

GUIDUGLI, Judge.

Collectively, these appeals from Christian Circuit Court address several issues concerning whether four (4) student-athletes should be permitted to participate in varsity athletics following their respective transfers to Hopkinsville High School from University Heights. Specifically, Kentucky High School Athletics Association and Louis Stout (hereinafter "KHSAA") have appealed the September 1, 2000, permanent injunction (appeal No. 2000–CA–002113–MR); the September 12, 2000, order, and September 12, 2000, amended

order (appeal No. 2000–CA–002245–MR); and the October 11, 2000, order (appeal No. 2000–CA–002459–MR). The student-athletes, through their next friends, have also appealed the same rulings (appeal No. 2000–CA–002618–MR). Having considered the record, the parties' briefs, the oral arguments, and the applicable case law, we dismiss the above-styled appeals as moot.

In the summer prior to the beginning of the 2000–2001 school year, four (4) student-athletes entering their junior year transferred from University Heights to Hopkinsville High School. Each had played a varsity sport at University Heights, and wanted to continue playing varsity sports at Hopkinsville High School. They sought a waiver of KHSAA's Transfer Rule in Bylaw 6, which provides that unless there has been a bona fide change in address by the parents and student, the student is precluded from playing varsity sports for one (1) year from the date of enrollment. Under the due process procedure, the commissioner has the limited power to waive the one (1) year period of ineligibility if application of the rule would be unfair to the student-athlete and the circumstances were clearly beyond the control of the parties. In the case of each student-athlete here, the Commissioner declined to waive application of the transfer rule although neither recruitment nor athletic advantage was alleged in any of the cases. Alexander Davis cited financial considerations, Richard Christopher Paxton cited academic reasons and his diagnosis of Attention Deficit Disorder with Hyperactivity, James Austin Hadley cited the need for a more appropriate peer group and the availability of college placement classes, while Laura Elizabeth Collins cited the addition of new teachers and programs at Hopkinsville High School. Following due process hearings, the hearing officer recommended affirming the decisions of the Commissioner. The Board of Control accepted the hearing officer's recommended orders.

The student-athletes sought judicial review pursuant to KRS Chapter 13B in Christian Circuit Court. Collins joined the lawsuit at a later date through a second amended complaint. The circuit court first entered a temporary injunction, followed by a permanent injunction on September 1, 2000. In the permanent injunction, the circuit court found subsection 1(3) of Bylaw 6 unconstitutional and enjoined KHSAA from prohibiting the student-athletes from participating in high school athletics. In subsequent orders, the circuit court denied KHSAA's motion to suspend the permanent injunction, the student-athletes' motions to amend their complaint, for attorney fees, and to Alter, Amend or Vacate, as well as KHSAA's motion to strike and for costs. Both KHSAA and the student-athletes have appealed the circuit court's rulings.

KHSAA has raised various issues in its appeals, including the constitutionality of Bylaw 6 and the circuit court's finding that KHSAA is not a voluntary association. The student-athletes have also appealed the circuit court's denial of their motion for an award of attorney fees and costs. On January 8, 2001, a three-judge motion panel of this Court granted KHSAA's motion for interlocutory relief pursuant to CR 65.08(3), staying the permanent injunction pending the appeal. KHSAA then restarted the one (1) year period of ineligibility from that date. By subsequent order, this Court consolidated the appeals.

At the oral argument in this matter, counsel informed the Court that all of the students had completed their year of ineligibility and that one (1) of the students had moved out of the Commonwealth.

For this reason, the Court has determined that the appeals are moot.

■ The Supreme Court addressed the issue of mootness in *KHSAA v. Runyon*, Ky., 920 S.W.2d 525 (1996). In that case, the Court dismissed KHSAA's CR 65.09 appeal as moot because the season was over and the student-athlete's eligibility to play basketball was no longer at issue.

> As we have held, "[t]he classic occurrence which necessitates a court's abrogation of jurisdiction for mootness is a change in circumstance in the underlying controversy which vitiates the vitality of the action." *Commonwealth v. Hughes,* Ky., 873 S.W.2d 828, 830 (1994).

*KHSAA v. Runyon,* Ky., 920 S.W.2d 525, 526 (1996). The Supreme Court noted that based upon the facts of the case, it would be impossible to grant any type of relief because the year of eligibility had already ended. If the temporary injunction had been vacated as KHSAA requested, the student-athlete would be declared ineligible to participate in the 1994–95 basketball season, which ended prior to the rendition of the opinion. Therefore, the Court could not provide any actual or practical relief.

In the present appeals, there is no reason to preclude any of the student-athletes from participating in varsity sports at this time as each has served his or her period of ineligibility. Therefore, the appeals are moot.

■ Although KHSAA has requested that the Court still address and overrule the permanent injunction, the injunction is not binding past this case. Additionally, this Court does not render purely advisory opinions as would be the case here if we addressed the issues raised.

For the foregoing reasons, the above-styled appeals are DISMISSED AS MOOT.

ALL CONCUR.