**COMMONWEALTH of Kentucky, KENTUCKY BOARD OF NURSING, Appellant**

v.

**SULLIVAN UNIVERSITY SYSTEM, INC., d/b/a Spencerian College, et al., Appellees.**

No. 2012–SC–000622–DG.

Supreme Court of Kentucky.

June 19, 2014.

---

David Domene, Bryce Lee Cotton, Tyler Martin Jolley, for Appellant.

Grover C. Potts, Jr., Mitzi Denise Wyrick, Emily Christine Lamb, for Appellee.

Mark Alvin Robinson, Michael A. Valenti, John Edward Hanley, II, for Intervening Plaintiffs.

Opinion of the Court by Justice SCOTT.

Appellant, the Kentucky Board of Nursing (the Board), appeals the Court of Appeals' ruling that the Board acted unreasonably in interpreting one of its regulations and applying it to Appellee, the Sullivan University System, Inc. (Spencerian). Because the regulation at issue has been amended, and the new version is no longer negatively impacting Appellee, we must decide whether this case should be dismissed for mootness.

## I. BACKGROUND

Since 2001, Spencerian has offered an Applied Science in Nursing (ADN) Program at its Louisville campus. Pursuant to KRS 314.131, the Board promulgates regulations establishing evaluative standards for pre-licensure registered nurse programs, such as Spencerian's ADN program. These evaluative standards are set forth in 201 KAR 20:260 through 20:360.

If a nursing program fails to satisfy one or more of the evaluative standards established by the Board, that program will be placed on conditional approval status. 201 KAR 20:360 § 1(4). In the event that a conditionally approved program fails to sufficiently correct its deficiencies, it will be adjusted to probationary approval status. 201 KAR 20:360 § 1(4)(e). A nursing program on probationary status will be prohibited from admitting new students

for one full academic year. 201 KAR 20:360 § 1(5)(a). Furthermore, if a program on probationary status fails to correct its deficiencies within one year, the Board may conduct a hearing to determine whether to completely withdraw approval for the program to operate. 201 KAR 20:360 § 1(6).

From 2001 to 2011, Spencerian's ADN program continually failed to meet the Board's evaluative standards, but the Board continued to let the program operate under conditional approval status. In early 2010, the Board adjusted the program's status from conditional to probationary. The Board's decision to downgrade the ADN program's status was based, at least in part, on the program's continued failure to achieve an eighty-five percent pass rate for its graduates taking the nursing licensure test for the first time in 2009.

Prior to its amendment in 2009, 201 KAR 20:360 § 1(4) required the "graduates of a program of nursing" to achieve a pass rate of at least eighty-five percent on the national licensure examination. In 2009, the Board's regulations were amended to incorporate specific language making the eighty-five percent pass-rate requirement applicable only to first-time test takers. 201 KAR 20:360 § 2(4). The purpose of the amendment was to make it clear that test takers who had previously taken the exam and failed could not be used to boost a nursing program's reported pass rate.

Following the ADN program's placement on probationary status, Spencerian filed suit in Jefferson Circuit Court alleging, among other things, that the Board's decision was improper because it retroactively applied the newly-enacted 2009 regulatory amendments to Spencerian. In response to Spencerian's argument, the Board asserted that it had long interpreted its regulation as applying to first-time test takers, and that the 2009 amendment merely clarified that long-standing interpretation. Therefore, according to the Board, it had not retroactively applied the new regulations, but rather it simply applied the old regulations in the same manner it always had.

The circuit court rejected Spencerian's argument that the Board retroactively applied the 2009 amendments to the test results and granted summary judgment to the Board, holding that Spencerian had failed to meet the Board's pass rate for seven consecutive years. The Court of Appeals reversed, finding that the Board erroneously retroactively applied the amended administrative regulations to conduct that pre-dated the amendments.

Notably, during the pendency of this appeal, Spencerian instituted numerous changes to its ADN program, which improved its compliance with regulatory standards. For the calendar year 2012, the program achieved a ninety-eight percent pass rate for its graduates taking the nursing licensure exam for the first time. As a result of the increased pass rate and other improvements made by Spencerian, the Board placed the ADN program on full approval status on February 15, 2013. At this time, the program continues to remain on full approval status.

## II. ANALYSIS

■ Appellate courts lack subject matter jurisdiction to decide cases that have become moot. *See Veith v. City of Louisville,* 355 S.W.2d 295, 297–98 (Ky.1962) (noting that courts do not have the jurisdiction to decide questions that lack justiciable controversies involving the rights of specific parties). Thus, mootness is a threshold matter for a reviewing court to resolve. *See Ky. High School Athletic Ass'n v. Edwards,* 256 S.W.3d 1, 4 (Ky.

2008) (holding that this Court is required to address its own subject matter jurisdiction sua sponte when necessary). Accordingly, before addressing the merits of this appeal, we will consider whether the case is moot.

### A. Mootness

█ In a recent opinion on the subject of mootness, this Court held that "an appellate court is required to dismiss an appeal when a change in circumstance renders that court unable to grant meaningful relief to either party." *Med. Vision Grp., P.S.C. v. Philpot,* 261 S.W.3d 485, 491 (Ky. 2008) (citing *Brown v. Baumer,* 301 Ky. 315, 191 S.W.2d 235, 238 (1945)). Moreover, this Court has repeatedly reaffirmed the proposition that Kentucky courts have "no jurisdiction to decide issues which do not derive from an actual case or controversy." *Commonwealth v. Hughes,* 873 S.W.2d 828, 829 (Ky.1994) (citing Ky. Const. § 110).

As noted above, Spencerian's ADN program has been operating under full approval status since February 2013. Thus, this case is moot because Spencerian has already received the relief it sought—removal from probationary status. In other words, the ADN program's removal from probationary status moots this action as this Court is now unable to "grant mean-

ingful relief to either party." *Philpot,* 261 S.W.3d at 491.

█ Furthermore, the Board's grant of full approval status to Spencerian has left this Court without jurisdiction because there is no longer "an actual case or controversy." *Hughes,* 873 S.W.2d at 829 (citing Ky. Const. § 110). Spencerian has not challenged the regulation as it was amended in 2009, and the current regulation is not being used against the ADN program. At this time, Spencerian cannot point to an actual injury traceable to the Board and likely to be redressed by a favorable judicial decision. "Questions which may never arise or which are merely advisory, academic, hypothetical, incidental or remote, or which will not be decisive of a present controversy" do not present justiciable controversies. *Hughes v. Welch,* 664 S.W.2d 205, 208 (Ky.App.1984). Therefore, under the circumstances, we must conclude that the controversy is moot and no longer justiciable.

### B. Vacation of the Lower Courts

In addition to dismissal of the Board's appeal, we also find it appropriate to vacate the rulings of the lower courts in this case. The decisions of the lower courts are not reviewable by this Court due to mootness, and we find it prudent to prevent them from spawning any undesired legal consequences.[1]

---

1. At the outset, we acknowledge that our decision to vacate the rulings of the lower courts is unusual. Typically, upon a finding that a civil case has become moot on its way to this Court or while pending our decision on the merits, our approach has been to simply dismiss the case with no consideration of the judgment pronounced by the circuit court below. *See, e.g., Ky. Dep't of Corrections v. McCullough,* 123 S.W.3d 130 (Ky.2003); *Choate v. Koorsen Protective Servs., Inc.,* 929 S.W.2d 184 (Ky.1996); *Ky. High Sch. Athletic Ass'n v. Runyon,* 920 S.W.2d 525 (Ky.1996).

However, although it may not be evidenced by our previous mootness cases, this Court has the power, under statutory authority, to reverse, modify, or vacate any judgment, order, or decree of a lower court. KRS 21A.050. In this particular case, where the conflicting judgments of the courts below have the potential to set unnecessary legal precedents, we find it appropriate to exercise our power to vacate those rulings.

## III. CONCLUSION

Based on the foregoing, the Board's appeal is dismissed as moot.[2] Additionally, the judgment of the Court of Appeals is vacated, and we remand to the trial court with a direction to dismiss.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, KELLER, and VENTERS, JJ., concur. NOBLE, J., dissents by separate opinion.

NOBLE, J., dissenting:

I dissent from the extraordinary relief of vacating the lower court decisions. I agree that the case is now moot, which allows us to avoid the merits of the case. But that requires only that we dismiss the appeal. Mootness does not require, or even allow, an appellate court to dismiss past orders or judgments. Because we conclude that the case is now moot, the decisions of the lower courts are not properly before us.

---

**2.** Thus, to the extent consistent with this opinion, we grant Spencerian's "motion to dismiss appeal."