RENDERED: MARCH 8, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1098-MR

LOUISVILLE/JEFFERSON COUNTY
METRO GOVERNMENT                                           APPELLANT


v.                     APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE BRIAN C. EDWARDS, JUDGE
ACTION NO. 20-CI-004430


CRYSTAL MARLOWE AND
TIFFANY GREEN                                           APPELLEES


### OPINION
### AFFIRMING

** ** ** ** **

BEFORE: ACREE, CALDWELL, AND CETRULO, JUDGES.

ACREE, JUDGE: Appellant, Louisville/Jefferson County Metro Government

(Metro), appeals the Jefferson Circuit Court's April 7, 2022 Order denying Metro's

motion for partial summary judgment and granting summary judgment in favor of

Appellees, Crystal Marlowe and Tiffany Green. We affirm.

## BACKGROUND

Crystal Marlowe worked as a detective for Metro's police department and investigated a robbery that occurred on December 22, 2007. During her investigation, Marlowe came to believe Tiffany Green[1] participated in the robbery and arrested her on April 17, 2008. This belief proved to be incorrect; Green did not commit the robbery but spent five days incarcerated until she posted bail on April 22, 2008. When prosecutors presented to a grand jury the charges against Green, the grand jury declined to indict. Prosecutors dismissed the criminal case against Green on May 19, 2008.

On February 19, 2010, Green initiated a civil lawsuit against Marlowe alleging counts of malicious prosecution and abuse of process. Nearly a decade after filing suit, Green presented her malicious prosecution and abuse of process claims to a jury. Pursuant to the Claims Against Local Governments Act (CALGA), codified in KRS[2] 65.2005, Metro provided for and paid for Marlowe's legal defense against the claims Green asserted. On October 2, 2019, the jury returned a verdict in favor of Green, awarding her $2 million in compensatory damages and $250,000 in punitive damages. The Jefferson Circuit Court entered

---

[1] When Green initiated this lawsuit her last name was Washington. Subsequently, she married and changed her name to Green. For consistency, we use her current surname of Green.

[2] Kentucky Revised Statutes.

judgment against Marlowe on October 14, 2019. Under CALGA, if a local government provides the legal defense for an employee who "acted or failed to act because of fraud, *malice*, or corruption[,]" the local government may either pay the judgment and seek indemnification from its employee or refuse to pay the judgment entirely. KRS 65.2005(3)(a) (emphasis added). Metro elected the latter option and refused to pay the judgment. Marlowe appealed the judgment. *Render v. Marlowe*, Nos. 2019-CA-1058-MR and 2019-CA-1682-MR, 2022 WL 981840, at *1 (Ky. App. Apr. 1, 2022), *review denied* (Oct. 12, 2022).

Believing Marlowe's actions constituted malice for purposes of KRS 65.2005(3)(a), Metro initiated this declaratory judgment action in Jefferson Circuit Court seeking confirmation of its right to refuse to satisfy the jury verdict pursuant to KRS 65.2005(3). Green filed a motion to intervene in this action and the circuit court granted that motion on May 3, 2021.

Thereafter, Metro moved for partial summary judgment on this claim. In response, Marlowe and Greene also moved for summary judgment on Metro's CALGA claim, arguing the applicable five-year statute of limitations, found in KRS 413.120(6), barred Metro's declaratory action.

Before the Jefferson Circuit Court ruled on these motions, this Court in the underlying case of *Render v. Marlowe* reversed the Jefferson Circuit Court's denial of Marlowe's motion for a directed verdict on Green's claims for malicious

prosecution and abuse of process and vacated the judgment. *Render*, 2022 WL 981840, at *3-4, *5 (claims were barred by the applicable one-year statute of limitations, KRS 413.140(1)(a)).[3] The circuit court in the instant case made no mention of *Render v. Marlowe* when, on April 7, 2022, it denied Metro's motion for partial summary judgment and granted Marlowe's and Green's motions for summary judgment. The circuit court agreed with Marlowe and Greene that the applicable five-year statute of limitations barred Metro's indemnification claim per KRS 65.2005(3)(a). This appeal follows.

## STANDARD OF REVIEW

"An appellate court's role in reviewing a summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exist[ed] and the moving party was entitled to judgment as a matter of law." *Feltner v. PJ Operations, LLC*, 568 S.W.3d 1, 3 (Ky. App. 2018) (citing CR[4] 56.03). Thus, appellate courts review a circuit court's summary judgment *de novo*. *Cmty. Fin. Servs. Bank v. Stamper*, 586 S.W.3d 737, 741 (Ky. 2019).

## ANALYSIS

Metro claims the circuit court erred by concluding the applicable five-year statute of limitations for indemnification claims, found in KRS 413.120(6),

---

[3] The limitations statute at issue in *Render* is not the same as in the instant appeal.

[4] Kentucky Rules of Civil Procedure.

barred its indemnification claim against Marlowe in light of our decision in *Louisville/Jefferson County Metro Government v. Handy*, No. 2021-CA-0664-MR, 2022 WL 12138037, at \*1 (Ky. App. Oct. 21, 2022), *rev. granted sub nom. Handy v. Louisville/Jefferson Cnty. Metro Gov't*, 2023-SC-0044-DG (Ky. Jun. 7, 2023). Marlowe and Green, on the other hand, contend Metro's CALGA claim is now moot because this Court overturned the underlying jury verdict against Marlowe.

As we explain below, this matter is not moot merely because we vacated the underlying jury verdict and judgment. Furthermore, even assuming *arguendo* that Metro's claims are not barred by the five-year statute of limitations, Metro no longer has a claim for indemnification pursuant to KRS 65.2005(3)(a) because Metro can no longer satisfy the requirements set out in the plain language of the statute.

1. ***Metro's CALGA claim is not moot merely because this Court overturned the underlying jury verdict***.

"[M]ootness is a threshold matter for a reviewing court to resolve." *Kentucky Bd. of Nursing v. Sullivan Univ. Sys., Inc.*, 433 S.W.3d 341, 343 (Ky. 2014) (citing *Kentucky High Sch. Athletic Ass'n v. Edwards*, 256 S.W.3d 1, 4 (Ky. 2008)). "A 'moot case' is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." *Benton v. Clay*, 233 S.W. 1041, 1042 (Ky. 1921) (emphasis in original) (internal quotation marks and citation omitted). "[A]n

appellate court is required to dismiss an appeal when a change in circumstance renders that court unable to grant meaningful relief to either party." *Med. Vision Grp., P.S.C. v. Philpot*, 261 S.W.3d 485, 491 (Ky. 2008); *see Kentucky Bd. of Nursing*, 433 S.W.3d at 344. Thus, we must first determine the relief requested.

Here, Metro asks this Court to reverse the circuit court's conclusion that the statute of limitations bars its CALGA indemnification claim. If we were to agree with Metro, then the practical legal effect of that decision would be that Metro could seek to have the Jefferson Circuit Court declare its rights under KRS 65.2005(3)(a). In other words, overcoming the statute of limitations barrier means this Court must address the merits of Metro's claim. Accordingly, this Court could grant meaningful relief to Metro, were we to agree with its arguments on appeal.

This is unlike truly moot appeals in which a court's ruling in a party's favor would carry no practical consequences. *See, e.g.*, *Morgan v. Getter*, 441 S.W.3d 94, 98-99 (Ky. 2014) (visitation order moot once child turns eighteen). Here, granting Metro the relief it requests would carry practical consequences – namely, Metro could pursue its declaratory action against Marlowe to the *merits* of its claim. Whether our decision affects the merits of Metro's claim is a separate matter we address below. Regardless, an appeal is not moot if it clears the way to address the merits of a claim with the possibility of affording the relief sought.

Being ripe for review and not moot, we now turn to whether Metro can meet the statutory requirement of KRS 65.2005.

**2.** ***Metro's CALGA claim fails because it cannot meet the statutory requirements for indemnification pursuant to KRS 65.2005(3)(a).***

By statutory mandate, "[a] local government shall provide for the defense of any employee by an attorney chosen by the local government in any action in tort arising out of an act or omission occurring within the scope of his employment . . . ." KRS 65.2005(1). The purpose of this statute is "to shield public employees from the personal expense[s] incurred in the defense of tort claims." *Richardson v. Louisville/Jefferson Cnty. Metro Gov't*, 260 S.W.3d 777, 781 (Ky. 2008). The same statute provides alternatives the local government is faced with electing should a judgment be entered against the employee.

In the end, with no dispute over the material facts, this case calls for this Court's interpretation and application of the statute – a purely legal question. The relevant portion of the applicable statute reads as follows:

> (3) A local government may refuse to pay a judgment or settlement in any action against an employee, or *if* a local government pays any claim or judgment against any employee pursuant to subsection (1) of this section, it may recover from such employee the amount of such payment and the costs to defend *if*:
>
> > (a) The employee acted or failed to act because of . . . malice . . . .

KRS 65.2005(3)(a) (emphasis added). Starting at the end of the statute and working backwards, we assume *arguendo* that, under subsection (3)(a), Marlowe acted because of malice. That satisfies only one of the "ifs" needed to effectuate that part of the statute upon which Metro focuses – its authority to "recover from such employee the amount of such payment and the costs to defend[.]" KRS 65.2005(3). But that is not the only requirement. There is another "if."

Continuing to work our way up the statute we see that the indemnification Metro claims has a prerequisite. It may seek indemnification from the malice-motivated employee but only "***if*** [it] pays any claim or judgment against any employee pursuant to subsection (1) of this section . . . ." *Id.* Metro did not pay the claim and did not pay the judgment; it did not satisfy that prerequisite. It opted for the first of the two alternatives.

That first alternative says simply: "A local government may refuse to pay a judgment or settlement in any action against an employee[.]" KRS 65.2005(3). This is an independent clause containing a subject and a verb and, because it expresses a complete thought, can stand as a sentence on its own. The benefits of this option are obvious; there is no *respondeat superior* liability.

Between the first and second alternatives, there is the disjunctive conjunction "or" that requires the local government to make a choice between these two mutually exclusive alternatives. Only by choosing the second alternative

-8-

is the local government authorized by the General Assembly to seek reimbursement of "the cost to defend" from the employee. Metro did not choose that alternative and, thus, has no statutory authority to recover from Marlowe the costs it expended to defend her.

Because Metro cannot prevail on the merits of its claim, we need not address either parties' argument concerning statute of limitations because those arguments are irrelevant to this appeal. Metro cannot make a *prima facie* showing that it is entitled to indemnification pursuant to KRS 65.2005(3)(a).

## **CONCLUSION**

The Jefferson Circuit Court did not err when it denied Metro's motion for partial summary judgment and granted Appellees' motion for summary judgment. Accordingly, we affirm.


ALL CONCUR.

BRIEF AND ORAL ARGUMENTS
FOR APPELLANT
LOUISVILLE/JEFFERSON
COUNTY METRO GOVERNMENT:

Kathryn Meador
Louisville, Kentucky

BRIEF AND ORAL ARGUMENTS
FOR APPELLEE CRYSTAL
MARLOWE:

David Leighty
Louisville, Kentucky

BRIEF AND ORAL ARGUMENTS
FOR APPELLEE TIFFANY GREEN:

John A. Bahe
David W. Mushlin
Patrick E. Markey
Ryan Vantrease
Louisville, Kentucky