RENDERED:  MARCH 22, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0039-MR

NATASHA MOORE AND THOMAS
SMITH                                                              APPELLANTS


                          APPEAL FROM FRANKLIN CIRCUIT COURT
v.                        HONORABLE THOMAS D. WINGATE, JUDGE
                          ACTION NO. 22-CI-00898


COMMONWEALTH OF KENTUCKY,
*EX REL.* RUSSELL COLEMAN,
ATTORNEY GENERAL OF THE
COMMONWEALTH OF KENTUCKY;
AND MICHAEL ADAMS, IN HIS
OFFICIAL CAPACITY AS
SECRETARY OF STATE OF THE
COMMONWEALTH OF KENTUCKY                               APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, LAMBERT, AND McNEILL, JUDGES.

McNEILL, JUDGE:  Appellants, Natasha Moore ("Moore") and Thomas Smith

("Smith"), seek to prevent the elimination of Floyd Circuit Court Division II.

Moore is a plaintiff in an employment action pending in Floyd Circuit Court and Smith is a former Floyd Circuit Court Division II Judge. In 2018, the General Assembly passed House Bill 348 ("HB 348") which reduced the number of circuit judges in Floyd County from three to two. Appellants sought a declaration of rights and preliminary injunction in Franklin Circuit Court, arguing HB 348 was unconstitutional because it was enacted without the required certification of necessity. The circuit court determined the appellants lacked standing and dismissed their complaint. Because we agree appellants lack standing, and additionally find House Bill 214 ("HB 214") renders their claims moot, we affirm.

**BACKGROUND**

In 2016, the Kentucky Supreme Court issued a "Proposed Kentucky Judicial Redistricting Plan for 2022" which recommended adjusting the number of judges in some judicial circuits based on the Judicial Workload Assessment Report results. It then issued a Certification of Necessity in 2017, certifying to the General Assembly the need for "the following number of district, circuit and family judges in each judicial circuit and district beginning on January 2, 2023[.]" The 31st Judicial Circuit (Floyd County) was designated one circuit court judge and one family court judge. The 2017 Certification of Necessity stipulated that "if any part of the judicial redistricting plan is rejected, then the entire Certification of Necessity is rendered void and unenforceable."

During the 2018 Regular Session, the General Assembly passed HB 348, which partially adopted the Proposed Judicial Redistricting Plan. Relevant to the appeal, HB 348 eliminated Floyd Circuit Court Division II[1] effective January 2, 2023. Several months later, the Kentucky Supreme Court issued a second Certification of Necessity, certifying "the need to eliminate one circuit court division in the 31st Judicial Circuit, Floyd Circuit Court." The 2018 Certification of Necessity had a delayed effective date of January 2, 2023, specifically referencing HB 348. It also provided that "no further Certification of Necessity shall be required of this Court."

In February 2022, the Kentucky Supreme Court issued another Certification of Necessity, specifically superseding the 2017 Certification. The 2018 Certification was not referenced. Less than two months later, the General Assembly passed HB 214. Section 2 of that bill allotted Floyd County one circuit and one family judge and was to take effect on January 2, 2023, the same effective date as HB 348.

On November 17, 2022, appellants filed a complaint in Franklin Circuit Court, alleging HB 348's elimination of Floyd Circuit Court Division II

_____

[1] By Order entered June 14, 2021, the Kentucky Supreme Court designated Floyd Circuit Court Division II as a family court effective January 2, 2023. For clarity, all references to Floyd Circuit Court Division II throughout this Opinion refer to Floyd Circuit Court Division II as it existed as a court of general jurisdiction prior to January 2, 2023.

was unconstitutional because no valid certification of necessity existed when HB 348 was passed.  *See* Section 112(3) of the Kentucky Constitution ("[T]he General Assembly having power upon certification of the necessity therefor by the Supreme Court, to change the number of circuit judges in any judicial circuit."). Specifically, they argued the 2017 Certification of Necessity was rendered void when HB 348 did not fully adopt the proposed judicial redistricting plan.  Further, the 2018 Certification of Necessity could not save the bill, because it was issued after HB 348 had become law.

The Commonwealth moved to dismiss the complaint, arguing that appellants lacked standing to challenge the constitutionality of HB 348, that HB 348 was constitutional, that appellants' claims were moot by the passage of HB 214, and that even if HB 348's elimination of Floyd Circuit Court Division II was unconstitutional, the Supreme Court extended comity to the statute by issuing the 2018 Certification of Necessity after the bill had passed.  The circuit court granted the motion to dismiss, holding that appellants lacked standing.  This appeal followed.

## STANDARD OF REVIEW

"We review dismissals under CR[2] 12.02(f) *de novo*."  *Hardin v. Jefferson Cnty. Board of Education*, 558 S.W.3d 1, 5 (Ky. App. 2018) (citation

---

[2] Kentucky Rules of Civil Procedure.

-4-

omitted). Further, "[w]hether Appellants have standing is a jurisdictional question of law that is reviewed de novo." *Ward v. Westerfield*, 653 S.W.3d 48, 51 (Ky. 2022), *reh'g denied* (Sep. 22, 2022) (citation omitted).

## ANALYSIS

Appellants argue the circuit court erred in ruling they lacked standing to challenge the elimination of Floyd Circuit Court Division II. "The Kentucky Constitution limits the jurisdiction of Kentucky courts to justiciable causes." *Ward*, 653 S.W.3d at 53. Thus, "all Kentucky courts have the constitutional duty to ascertain the issue of constitutional standing . . . to ensure that only justiciable causes proceed in court[.]" *Commonwealth Cab. for Health & Fam. Servs., Dept. for Medicaid Servs. v. Sexton By and Through Appalachian Regional Healthcare, Inc.*, 566 S.W.3d 185, 192 (Ky. 2018) (emphasis omitted). Constitutional standing requires (1) injury, (2) causation, and (3) redressability. *Id.* at 196. In other words, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Id.* (citation omitted). We consider each appellant's standing separately.

The circuit court determined Moore could not establish a concrete and particularized injury and that any alleged injury was speculative. To have constitutional standing, a "plaintiff must have suffered an injury in fact – an

-5-

invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Ward*, 653 S.W.3d at 51 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). "The party invoking jurisdiction bears the burden of establishing the elements of standing." *Id.*

Moore's claimed injury is that her pending employment case in Floyd Circuit Court will be delayed by the elimination of Division II. However, this speculative injury is insufficient to confer standing. *City of Pikeville v. Kentucky Concealed Carry Coalition, Inc.*, 671 S.W.3d 258, 266 (Ky. 2023). "It is well-settled that [a]llegations of possible future injury do not satisfy the requirements of [standing]. A threatened injury must be 'certainly impending' to constitute injury in fact." *Commonwealth v. Bredhold*, 599 S.W.3d 409, 417 (Ky. 2020) (internal quotation marks and citations omitted).

Moore has not alleged her case *has* been delayed, she merely assumes it will be, arguing that "[c]ommon sense indicates that . . . [w]hen you go from two Circuit Courts to one Circuit Court it will logically double the remaining Circuit Court docket." But there is no evidence of any impending delay in her case due to the elimination of Division II as a court of general jurisdiction. In fact, a review of

CourtNet[3] shows her case has proceeded normally and even has a trial date scheduled for June 10, 2024. Because Moore failed to demonstrate any actual injury, she lacks constitutional standing to challenge HB 348.

As to former Judge Smith, the circuit court held he failed to assert a redressable injury. At the time of the complaint, Smith was Floyd Circuit Court Division II Judge. Smith alleges the elimination of Division II denied him the opportunity to continue his judicial employment. He attempted to file for re-election in early 2022, but his paperwork was rejected because Division II would cease to exist on January 2, 2023.

The circuit court ruled because Smith failed to timely challenge the rejection of his paperwork, or HB 348, his claim was not redressable. Smith knew Division II would be eliminated in 2018, yet did not file his complaint until 2022, four years later. He similarly knew he would not be on the ballot in early 2022 when the Secretary of State rejected his application yet failed to challenge that rejection or seek an injunction until after the November 8, 2022 election. The court noted the election was over and it did not have power to extend his term, which expired just several days after the court's ruling. The court also held Smith's failure to challenge HB 214 left the court without a redressable issue

---

[3] CourtNet is an online database of Kentucky civil and criminal cases. While it is not an official record, it offers detailed information of individual case proceedings.

because the elimination of Division II via HB 348 became moot upon HB 214's enactment.

To properly understand the redressability issue as it relates to HB 214, we must quickly summarize appellants' constitutional claim. Kentucky Constitution § 112(3) states: "The number of circuit judges in each district existing on the effective date of this amendment shall continue, the General Assembly *having power upon certification of the necessity therefor by the Supreme Court*, to change the number of circuit judges in any judicial circuit." (Emphasis added.) Appellants argue that when HB 348 was passed (eliminating Division II), no valid certification of necessity existed. It wasn't until several months after HB 348 passed that the Supreme Court issued the 2018 Certification of Necessity, specifically certifying the need to eliminate a division of Floyd Circuit Court.

The Commonwealth asserts the 2018 Certification satisfies Kentucky Constitution § 112(3) because the relevant provisions of HB 348 eliminating Division II did not take effect until January 2, 2023, after the 2018 certification. Appellants claim the key period is when the bill was signed into law, not when its provisions take effect. Thus, they argue, Kentucky Constitution § 112(3) requires the certification of necessity prior to a bill passing and being signed into law.

Returning to our standing analysis, we agree Smith has failed to allege a redressable injury. "To invoke the court's jurisdiction, the plaintiff must allege

an injury caused by the defendant of a sort the court is able to redress." *Lawson v. Office of Att'y Gen.*, 415 S.W.3d 59, 67 (Ky. 2013) (citation omitted). On April 8, 2022, the General Assembly passed HB 214, based upon the Supreme Court's 2022 Certification of Necessity, entitled "AN Act relating to judicial districts and circuits and declaring an emergency." HB 214 amended KRS[4] 23A.040, which sets forth the judicial districts having two circuit judges, and KRS 23A.045, which sets forth the judicial circuits having three circuit judges. Pursuant to HB 214, Floyd County is entitled to two circuit judges.

Section 51 of the Kentucky Constitution requires that when a statute is amended it be reenacted in its entirety. *White v. Commonwealth*, 32 S.W.3d 83, 86 (Ky. App. 2000). Thus, when the General Assembly passed HB 214 amending KRS 23A.040, the provision allotting two circuit judges to Floyd County was reenacted. At that time, the 2018 Certification of Necessity was still valid.[5] The 2018 certification certified to the General Assembly the need to eliminate a circuit court division of general jurisdiction in Floyd County. As amended by HB 214, KRS 23A.040 and KRS 23A.045 include the changes to Floyd Circuit Court as requested by the 2018 Certification.

---

[4] Kentucky Revised Statutes.

[5] As noted above, the 2022 Certification explicitly superseded the 2017 Certification, but left the 2018 Certification intact.

So even if HB 348's elimination of Division II was procedurally improper, HB 214 rendered any challenge to that elimination moot. HB 214 effectively corrected any alleged constitutional error that occurred when the General Assembly passed HB 348 (which eliminated Division II effective January 2, 2023) prior to the issuance of the 2018 Certification of Necessity. Smith has failed to challenge HB 214, which reenacted KRS 23A.040 and KRS 23A.045 (entitling Floyd County to two circuit judges, not three), leaving him without a redressable injury. Therefore, Smith lacks standing to challenge the constitutionality of HB 348.

While appellants contend the circuit court erred in holding HB 214 justified denying relief, they offer no challenge to its legal reasoning. Instead, they hypothetically argue that if the circuit court in a related case[6] had granted a temporary injunction allowing judicial candidates to be placed on the ballot for Division II in the November 2022 election, pursuant to Section 119 of the Kentucky Constitution, the winner would have a vested eight-year term and the General Assembly could not have passed legislation to eliminate Division II without violating Section 119's "deprive the term" provision.

---

[6] Franklin Circuit Court Action No. 20-CI-00789, which led to the Kentucky Supreme Court opinion *Bradley v. Commonwealth ex rel. Cameron*, 653 S.W.3d 870 (Ky. 2022).

But that is not this case and that is not what happened. Appellants filed their complaint on November 17, 2022, after HB 214 was passed, and they did not challenge HB 214 below. Therefore, any challenge to HB 214's constitutionality is not properly before this Court. We find no error in the circuit court's dismissal of appellants' declaratory judgment action for lack of standing.

As an additional basis to affirm, HB 214 rendered appellants' constitutional claim moot. "Appellate courts lack subject matter jurisdiction to decide cases that have become moot." *Commonwealth, Kentucky Bd. of Nursing v. Sullivan University System, Inc.*, 433 S.W.3d 341, 343 (Ky. 2014) (citation omitted). Thus, mootness, like standing, is a threshold matter for a reviewing court to resolve. *Id.* "[A] moot case is one which seeks to get a judgment . . . upon some matter which, when rendered, for any reason, cannot have any practical legal effect upon a then existing controversy." *Cameron v. EMW Women's Surgical Center, P.S.C.*, 664 S.W.3d 633, 652 (Ky. 2023) (citation omitted).

Here, for the reasons outlined above, HB 214 cured any alleged procedural impropriety in the elimination of Division II. Therefore, even if we were to declare HB 348 unconstitutional, our ruling would have no practical legal effect. Appellants seek to prevent the elimination of Division II, but by virtue of HB 214, Division II would still be eliminated.

-11-

Finally, appellants argue the circuit court erred in failing to grant their motion for injunctive relief. In granting the motion to dismiss, the circuit court declined to consider the merits of the motion for injunctive relief. Because appellants lacked standing, we find no error. Standing is a "predicate for bringing suit in Kentucky's courts." *Sexton*, 566 S.W.3d at 196. "If . . . the plaintiff does not have the requisite standing to sue, then the circuit court *cannot* hear the case." *Id*.

## CONCLUSION

Based upon the foregoing, we affirm the Franklin Circuit Court's order dismissing appellants' claims.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Janet L. Stumbo
Ned Pillersdorf
Prestonsburg, Kentucky

BRIEF FOR APPELLEE
COMMONWEALTH OF
KENTUCKY:

Matthew F. Kuhn
Solicitor General

Michael R. Wajda
Assistant Solicitor General
Frankfort, Kentucky