RENDERED: OCTOBER 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0175-MR

AMY GANGLOFF ............................................................. APPELLANT

v. ...... APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE DANIEL J. ZALLA, JUDGE
ACTION NO. 22-CR-00357

COMMONWEALTH OF KENTUCKY ................................ APPELLEE

OPINION AND ORDER
DISMISSING

** ** ** ** **

BEFORE: ACREE, CETRULO, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Amy Gangloff brings this appeal from a January 19, 2024, Judgment and Sentence, and an Order regarding restitution entered December 15, 2023, by the Campbell Circuit Court. The Judgment and Sentence deferred Gangloff's sentence under the pretrial diversion program governed by Kentucky Revised Statutes (KRS) 533.250 *et seq.* Gangloff seeks appellate review of the terms of the court's Order regarding restitution. Based on a thorough review of the record on appeal, the issues raised by Gangloff arise from a nonfinal, interlocutory

order below. For that reason, we conclude that this Court lacks jurisdiction and must dismiss the appeal.

## BACKGROUND

On September 8, 2022, Gangloff was indicted by the Campbell County Grand Jury for a charge of making a false statement or representation to receive government assistance benefits to which she was not entitled. After the amount of restitution was established, the indictment was amended to reflect that the receipt of benefits was over $1,000, making the charge a class D felony under KRS 194A.990(1)(a)2.

On August 3, 2023, Gangloff filed a motion to enter a guilty plea, and the parties filed the Commonwealth's Offer on a Plea of Guilty, signed by Gangloff and her counsel. The Commonwealth recommended she serve five years in the diversion program and pay restitution in exchange for pleading guilty. The amount of restitution was established as $96,573.30, with Gangloff to pay $200 per month thereon. The trial court accepted Gangloff's plea in a colloquy conducted on July 31, 2023. At the close of the hearing, the court suggested that in order not to "lose" the case for failure to extend diversion, the agreement incorporate the statutory language that diversion will last for the specified period or until

-2-

restitution is paid whichever is later.[1] Video Record, July 31, 2023, at 11:15. Defense counsel initially stated he had no objection. The hearing adjourned for counsel to make the changes.

The hearing resumed with the parties reporting they completed a second Commonwealth's Offer on a Plea of Guilty. It restated the Commonwealth's recommendation as, "[f]ive (5) years in the felony diversion program, or until restitution has been paid, whichever is later." Record at 20. But defense counsel then observed that KRS 194A.990(5) calls for a civil penalty, and stated that his understanding was that the Cabinet for Health and Family Services will file suit for repayment outside of the criminal process. The court noted that criminal restitution is enforceable by the court regardless of civil proceedings, but ordered the parties to brief the issues as to restitution prior to sentencing.

Defense counsel filed a memorandum which took the position that the meaning of KRS 194A.990(5) requires a civil judgment against the defendant to ensure the full amount is paid. Counsel also noted that in Gangloff's case, the rate at which the amount was negotiated to be paid would take over forty years, which he argued would exceed the jurisdiction of the court to oversee the case. Counsel

---

[1] The language cited by the court is evidently from Kentucky Revised Statutes (KRS) 533.020(4), which says in pertinent part, "[s]uch period, with extensions thereof, shall not exceed five (5) years, or the time necessary to complete restitution, whichever is longer, upon conviction of a felony[.]" That statute is incorporated into the diversion statutes by KRS 533.254(1).

further argued that the successful completion of Gangloff's diversion should not be contingent on restitution being paid *in full*. Rather, at the end of completing five years of successful diversion, the appropriate vehicle to collect the remaining balance of the restitution would be a civil judgment payable to the Cabinet. The Commonwealth responded that Gangloff should be held to her bargain and that nothing in KRS 194A.990 or case law precluded the entire amount of benefits being recovered via a restitution order.

The court entered an order on December 15, 2023, holding that "restitution can be completed after the initial period set for pretrial diversion if there remains unpaid restitution." Record at 39. At Gangloff's sentencing, her counsel again raised the issue to the trial court of how the restitution requirement should be treated at the end of the diversion term, and stated in open court her intent to appeal the court's order. Video Record, January 17, 2024, at 12:03. As noted, the Judgment and Sentence was entered on January 19, 2024. The trial court also entered a Felony Diversion Order on January 19, 2024, which included the specific conditions that the duration of the diversion shall be five years and that Gangloff shall continue to pay restitution in the amount of $96,573.30 at the rate of $200 per month until paid in full.[2] This appeal followed.

---

[2] The conditions set out in the Felony Diversion Order reflect those entered into in the plea agreement. Amy Gangloff did not appeal the Felony Diversion Order entered on January 19, 2024.

-4-

On appeal, Gangloff argues that the trial court should have ruled that her remaining restitution balance should be converted to a civil judgment upon the conclusion of her diversion period rather than having to experience "diversion in perpetuity" in contravention of the intent of the diversion program. Appellant's Brief at 2-5. In response, the Commonwealth primarily argues that the issue was not preserved for appeal as Gangloff did not seek to enter a conditional guilty plea pursuant to Kentucky Rules of Criminal Procedure (RCr) 8.09.[3] We do not reach the preservation question since we have determined that we lack jurisdiction to hear this interlocutory appeal.

An appellate court may, *sua sponte*, raise the lack of its jurisdiction where an order lacks finality. *Peters v. Bd. of Educ. of Hardin Cnty.*, 378 S.W.2d 638, 639 (Ky. 1964). Under Kentucky Rules of Civil Procedure (CR) 54.01, a final and appealable judgment is one that adjudicates all the rights of all the parties or one that is made final under CR 54.02. CR 54.02 is not implicated here, as it is confined only to actions involving multiple claims or multiple parties where judgment is entered on less than all of the claims. *Nunley v. Neuling*, 530 S.W.3d 476, 480 (Ky. App. 2017). In a final appealable order, all rights are adjudicated

---

[3] A person is required to enter an *Alford* plea or a plea of guilty as a condition of pretrial diversion. KRS 533.250; *Commonwealth v. Derringer*, 386 S.W.3d 123, 126 (Ky. 2012); *North Carolina v. Alford*, 400 U.S. 25 (1970).

and "[n]othing remains to be done." *Commonwealth v. Sowell*, 157 S.W.3d 616, 617 (Ky. 2005).

Neither the restitution order nor the trial court's judgment was inherently final and appealable because the rulings did not conclusively resolve Gangloff's case. "An order of diversion . . . does not fully dispose of any criminal charges. Rather, it simply memorializes an agreement that exists between the Commonwealth and the defendant and halts prosecution between admission of guilt and imposition of sentence." *Ballard v. Commonwealth*, 320 S.W.3d 69, 73 (Ky. 2010). An order concerning diversion which does not purport to finally adjudicate the underlying charge is not a final and appealable order within the meaning of CR 54.01. *Id.* at 71.[4] Since a diversion order is not a final judgment, the issues which may arise in the course of negotiating the agreement are not inherently subject to appellate review.

A separate analysis of the December 15, 2023, order which Gangloff specifically appealed, setting forth the trial court's position on the future treatment of restitution, shows it was also not a final appealable order under CR 54.01. The order clarified the court's interpretation of the statutes but did not finally adjudicate Gangloff's case. Additionally, the order did not even purport to be the

---

[4] Under KRS 22A.020(4), only the Commonwealth has the authority to appeal interlocutory rulings in criminal cases.

final word on Gangloff's restitution. As the trial court observed during argument on the issue, other events could intervene before the question of finalizing restitution would arise: a defendant could violate the terms of their diversion, and the Commonwealth could seek revocation; a civil judgment could be obtained in a separate proceeding; or the defendant could pay off restitution early.[5]

Effectively, if this Court opines on the question of what should be done at the end of the diversion period as concerns any remaining restitution owed, we would be giving an advisory opinion. This Court does not give advisory opinions. *Commonwealth v. Hughes*, 873 S.W.2d 828, 829-30 (Ky. 1994).

"'Questions which may never arise or which are merely advisory, academic, hypothetical, incidental or remote, or which will not be decisive of a present controversy' do not present justiciable controversies." *Commonwealth, Kentucky Bd. of Nursing v. Sullivan Univ. Sys., Inc.*, 433 S.W.3d 341, 344 (Ky. 2014) (quoting *Hughes v. Welch*, 664 S.W.2d 205, 208 (Ky. App. 1984)). We thus decline to decide the unresolved issues within the Campbell Circuit Court's jurisdiction regarding a prosecution which has been diverted, as the trial court retains jurisdiction over defendant's underlying criminal charges. *Ballard*, 320 S.W.3d at 73.

---

[5] Nothing in this Opinion would preclude Gangloff from appealing an order by the trial court regarding restitution at the end of the five-year diversion period.

For the foregoing reasons, the appeal is hereby DISMISSED as interlocutory.

ACREE, JUDGE, CONCURS.

CETRULO, JUDGE, CONCURS IN RESULT AND FILES SEPARATE OPINION.

CETRULO, JUDGE, CONCURRING: I concur with the majority that dismisses this appeal as non-final. I write separately only to state that this case presents an issue that needs to be addressed by the Supreme Court or Legislature for the benefit of the bench and bar.

Ms. Gangloff requested that the remaining balance owed after the conclusion of her diversion termination be converted to a civil judgment so that she would not be considered "a felon" in perpetuity. A separate panel of this Court questioned the trial court's statutory authority to do so despite some merit in such an approach in *Commonwealth v. Carroll*, No. 2022-CA-1465-MR, 2023 WL 5312191 (Ky. App. Aug. 18, 2023). The Supreme Court denied discretionary review and ordered the Opinion depublished.

ENTERED: OCT 3 1 2025

_____
JUDGE, COURT OF APPEALS

-8-

BRIEFS FOR APPELLANT:

Kayla D. Deatherage
Assistant Public Advocate
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Matthew R. Krygiel
Assistant Attorney General
Office of the Solicitor General
Frankfort, Kentucky